No. 8809.

MRS. SALLIE C. DAY AND HUSBAND VS. THE NEW ORLEANS PACIFIC
RAILWAY COMPANY.

The plaintiff in a suit cannot be allowed, after issue joined, to amend his original petition,
if the amendment alters the substance of his demand. Hence, in a suit against a rail-
road company for cattle killing, plaintiff cannot amend his petition for the purpose of
alleging that the Company had no right of way over his lands. A railroad's responsibility,
running trains under legal rights, is different from that of a trespasser.

A railroad company is responsible for cattle killed by its trains, through the negligence and
carelessness of its employees. Stevenson vs. N. O. Pacific R R., affirmed.

The failure of a railroad company to introduce the testimony of its employees, who were on
the train at the time of the accident, raises a presumption of negligence against the
company.

Attorney's fees incurred in the prosecution of a suit for damages cannot be allowed in the
same suit.

APPEAL from the Twelfth District Court, Parish of Rapides. *Black-
man, J.*

*White & Thornton* for Plaintiff and Appellant:

1. It is admitted that the defendant killed all the stock mentioned in the petition.
2. Title to real estate cannot be established by parol testimony, neither can the right of way
to a railway company be proved by that species of evidence. Right of way passes the fee
in the soil, not merely its use.
3. The license of the owner of the soil permitting a railway company to grade the track,
cannot be construed as a permission to run its engines and trains. One is a harmless act
unattended with loss, while the other is dangerous and injurious to the property and
stock of the land owner. The abuse of a license revokes the license. Dumont vs. Smith,
4 Denio, 319. Even when it is coupled with an interest, the formalities essential to confer
and retain such interest must be observed. 6 East, R. 602; 8 East, 310, note; 39 Eng. C.
L. R. 19; Bouvier's L. D. 2, Title License.
4. In this case, the defendant never asked, and plaintiff never gave it license or permission
to run and operate its cars and locomotives over her land. No compensation has been
made, secured or tendered her for the land taken. And the Company was upon her land,
and within her enclosures, as a trespasser, at the time it killed and injured all her stock.
Gray vs. The First Division of the St. Paul & Pacific R. R. Co., 13 Minnesota, 315.
5. Where, as in this case, a railway company has no right of way, it is *prima facie* liable
for all injuries to stock belonging to the owner of the soil, and injured while it is within
his pastures and enclosures, and not "running on the range." And in such a case, the
owner of the stock is not required to mind or keep them off the track; they are rightfully
in his enclosures, and if they go upon the railroad track, they are not wrongfully there,
and if the company injure them under such circumstances, it is, *prima facie,* liable for
the injury. And under such a state of facts, it is entirely immaterial whether the injury
could have been avoided or not, after the stock was seen by the engineer. Mathews vs.
The St. Paul & Sioux City Railroad Co., 18 Minnesota, 439.
6. Even if the defendant were running and operating its cars and locomotives over plain-
tiff's land, by virtue of a license from her, yet the railroad, having divided her pasture
lands into two parts, making it necessary for her cattle to cross the railroad track, it
would still be liable for cattle killed in crossing the track, for such right to cross is not
inconsistent with the right of the defendant, even when compensation has been fully

paid. Waterbury vs. Housatonic Railroad Company, 23 Conn. 101; Abbott's Digest Corporations, p. 623, No. 210.

7. Where a railroad fails to fence its track, it is held to a higher degree of care. This, even where the law does not require it to fence. Thompson on Negligence, Vol. 1, pp. 503 and 504, Section 7, and authorities there cited. In Mississippi the want of the fence will increase the care to prevent injury, and will be weighed in measuring the question of negligence. Vicksburg, etc., R. R. Co. vs. Patton, 31 Miss. 157.

8. Where there was an express or implied contract, between the Railroad Company and the owner of the soil, that the Company should fence its track through the land owner's field, and it fails to do so, it is *prima facie* liable for all injury to his stock. Thompson on Negligence, Vol. 1, p. 504.

9. Where the plaintiff shows a state of facts indicating lack of care on the part of the Railroad Company (where it is sued for killing stock) then the burden of proof shifts, and the defendant Company must excuse itself, if it would avoid paying damages.

10. Where parties are operating powerful and dangerous machinery they are held to extra care. Kerwhacker vs. C. C & C. R. R. Co., 3 Ohio State, p. 172, and reported in full in Thompson on Negligence, Vol. 1, p. 472.

11. Absence from the trial of the employees of the Railroad Company, who were on the train at time of injury, raises a strong presumption of negligence against the Company. Thompson on Negligence, Vol. 1, p. 514, Section 6, and authorities there cited.

12 Must have competent, trusty and skilful men. Appliances and machinery of train must be of good and sufficient character. Must exercise diligence and care to prevent injury to live stock. Thompson on Negligence, Vol. 1, p. 495. Must slacken speed, when cattle are on track, and ring bell and sound whistle. Ibid, pp. 506, 507.

13. Where there is nothing to prevent the person in charge of the train from seeing obstructions on the track, it is presumed that the duty to keep a lookout ahead of the train was fulfilled, and that the obstacles were seen. Thompson on Negligence, Vol. 1, p. 513, Section 2 and authorities cited. Hearn vs. St. Charles R. R. Co., 34 An. 162.

14. Held by recent decision of Supreme Court of Alabama, that it is negligence to run a train at night at such a high rate of speed as will prevent the train being stopped within the distance at which the engineer can perceive an obstruction on the track by aid of the "headlight." Memphis & Charleston R. R. Co. vs. Lyon, 62 Alabama Reports, 71.

15. Plaintiff was not guilty of "contributory negligence." Remote negligence does not bar recovery. Pierce on Railroads, p. 327, note 1, and authorities cited thereunder. See also p. 27, note 3, and authorities cited.

16. In all Louisiana cases, where it has been held that " contributory neglect" of plaintiffs barred recovery, the negligence was proximate and occurred contemporaneously with the accident—*aliter* in the present case.

17. Where the subject matter of a negative averment lies peculiarly within the knowledge of the other party, the averment is taken as true, unless disproved by that party. Greenleaf on Evidence, 8th Edition, Vol. 1, § 79. Therefore, when plaintiff alleges that defendant was not granted right of way by her ancestor and shows that no such right of way has been recorded, the onus is on the defendant to show that right of way had been granted; and if defendant fails to show this, the negative averment should be considered as proved.

18. Plaintiff has the right to amend petition after issue joined, provided the amendment does not alter the substance of demand. Code of Practice, Art. 419.

19. Where a party made certain statements to another, and those statements may have a material bearing on the point at issue, the party making the statement having since died, it is admissible to prove the statements by the party to whom they were made. It is the best evidence of which the nature of the case admits. Greenleaf on Evidence, 8th Edition, Vol. 1, p. 129, § 100, *et seq.*

20. Where stock is killed outright, or rendered entirely valueless, the measure of the dam-

ages which the plaintiff is entitled to recover is the value of the stock at the time of the injury. Thompson on Negligence, p. 538, Section 31.

21. Where the railroad company refuse and decline to pay, and make a test case with the plaintiff, the fees of the latter's attorney should be estimated as a part of the damages.

22. In a suit on a *quantum meruit*, the lowest sum that the evidence will justify does not necessarily mean the lowest that has been mentioned by any witnesses. It is the evidence, taken as a whole, which is submitted to the consideration of the Judge. Holley vs. Borland, 16 An. 186.

*Kennard, Howe & Prentiss* and *Andrews & Foster* for Defendant and Appellee:

1. Plaintiff must make his case certain.

2. The burden of proof is on plaintiff to show the Company's negligence whenever its liability for an injury to stock depends on its negligence, as when the cattle entered on the track at the place where the Company is required to fence the track.

3. Proof that the injury was inflicted by the Company is not "*prima facie* evidence of its neglect."

4. The rate of speed not being fixed by law, no rate is of itself evidence of negligence.

5. The negligence complained of must have been the immediate cause of the injury sustained by the plaintiff.

6. Negligence is a failure to do what a reasonable and prudent person would ordinarily have done, under the circumstances, or doing what such person, under the existing circumstances, would not have done. 95 U. S. 441, R. R. Co. vs. Jones.

7. The degree of care which the law exacts and the omission of which is negligence or "culpa," is that degree which men of ordinary prudence would exercise in a given situation.

8. The Company is not bound to fence its track in Louisiana. 15 An. 105, Knight vs. Opelousas R. R. ; 23 An. 154.

9. Where the circumstances point just as much to negligence on the part of one party as to its absence, or point in neither direction, a recovery cannot be had. 31 An. 490, Murray vs. Pontchartrain R. R. Co.

10. Under the evidence in the instant case, no damages can be recovered by plaintiff.

The opinion of the Court was delivered by

POCHÉ, J.   This is a suit for the value of cattle alleged to have been killed by the defendant's train, through the fault, negligence and carelessness of its employees.

Plaintiff charges that:

On the 19th of September, 1882, eight of her mules were thus killed and one badly injured.

On the 26th of the same month, two mules were killed.

On the 11th of October same year, one mule was killed.

And on November 11th same year, one mule and a jack, a valuable animal, estimated at one thousand dollars, were killed.

She also claimed attorney's fees, valued at $250, incurred in the prosecution of this suit.

The defense is a general denial.

The judgment appealed from by both parties, allowed to plaintiff

Day vs. Railway Company.

$1,225 for the damage caused on the 19th of September, and rejected her demand as to all other items in her petition.

Before examining the case on its merits, we must direct our attention to a bill of exception taken by the defendant to the ruling of the court, in allowing plaintiff to file a supplemental petition, on the second day of the trial, charging that defendant had no right of way over her property, on which the mules were killed or otherwise injured.

Under such an allegation, the defendant could be shown to be a trespasser on plaintiff's property, and as such held to greater responsibilty, for the destruction of property, than in a suit against a railroad company under ordinary circumstances.

Under the allegations of plaintiff's original petition, the responsibility of the defendant Company, for injury done to property by the running of its trains, was to be tested under the general rules applicable in such cases to all railroad companies running their trains under legal rights ; but under the allegations of the supplemental petition, the liability of the defendant to damages would be governed by the rules applicable to trespassers. And hence, the supplemental petition must be construed as presenting a different issue, and as altering the substance of the demand embodied in the original petition. C. P. Art. 419.

We therefore hold, that the supplemental petition should have been excluded, and that all the testimony offered in support of its allegation should have been rejected.

We shall adopt as our guide, in applying the evidence in the record to the test of defendant's responsibility, the rule of law which imposes on the plaintiff in such suits the burden of proving negligence and carelessness on the part of defendant or of its employees.

In the recent case of Stevenson vs. Railway, this same defendant, we had occasion to review our jurisprudence and that of our sister States on this question, and to have firmly established that rule for the guidance of courts in this State.

The evidence shows, as our brother of the District Court correctly held, that plaintiff has utterly failed to prove such negligence as to the accidents of September 26th, October 11th and of November 11th, 1882.

It appears that at that time two trains of the defendant went through plaintiff's land every night; one a freight train at about 9:40, and the other a passenger train at about 1:37, and that none of plaintiff's witnesses saw the accident on either of the occasions.

In fact, plaintiff has failed to show conclusively by which of the two trains her cattle were injured. Hence, we are not informed of any

88

negligence or carelessness on the part of defendant's employees on those occasions. But as to the accident of September 19th preceding, the case is materially different.

The record shows the following facts to our entire satisfaction :

That plaintiff's mules were injured by the freight train, which was about on time that night; that the mules were in an enclosed field, used as a pasture since the first of that month, to the knowledge of defendant's employees ; that the track lays in a flat country with level grade without interruption to the sight or vision, and that the night of September 19th, up to ten o'clock, was a bright night.

The crippled and injured mules were found next morning laying on the side of the track, a distance of more than eight hundred feet intervening between the spot where lay the first mule to the spot where the last one was found.

It also appeared that the mules ran on the track in advance of the train, which, under orders of the Company, ran at the rate of only ten or twelve miles an hour. These and several other circumstances show, beyond a doubt, that the locomotive struck the mules one by one, and that no efforts were made to stop the train, and no chance allowed to the mules to jump off the track.

Under such circumstances it is safe to conclude, that the failure of the engineer to stop his train, at least after striking the first mule, was gross carelessness and culpable negligence, which were the immediate causes of the destruction of so much property, and which were calculated to endanger the lives of other employees on the train.

This conclusion is strongly fortified by the failure of the defendant to introduce the testimony of any of its employees on that train. Thompson on Negligence, Vol. 1, p. 514.

We must, therefore, hold the defendant responsible for the mules killed and injured on that night, and we shall adopt the District Judge's estimate of their value.

Plaintiff's demand for attorney's fees in this very suit cannot be entertained.

In the case of Campbell vs. Short, (8369), recently decided, we held, that a party is not entitled to recover expenses incurred for fees of counsel in a suit for past damages.

Judgment affirmed.

### DISSENTING OPINION.

MANNING, J. I think the plaintiff should have judgment for the value of all the stock killed, and refer to my dissenting opinion in Stevenson vs. the same defendant, for my reasons therefor.