## No. 112.

DEMPSEY EATMAN VS. NEW ORLEANS PACIFIC RAILWAY COMPANY.

A railway company is responsible for the damages occasioned by its failure to make road crossings.

When the right of way is granted on the expressed condition of making such crossings, and with the stipulation to that effect, the company will be held to the performance of its contract, and mulcted for its violation.

Attorney's fees are not recoverable in an action for damages when the act complained of is not tainted by fraud or malice.

APPEAL from the Tenth District Court, Parish of DeSoto. *Logan,* J.

---

*E. W. Sutherlin* and *J. L. Seales* for Plaintiff and Appellee:

1. Interrogatories to absent witnesses must be signed by the party or his counsel. Depositions are not admissible when the witnesses are not named in the petition, or order for

commission. The order for commission is premature, if rendered before the expiration of three days after the interrogatories have been submitted or notified to the adverse party. C. P. 425, 426.

2. The measure of damages, in case of failure to comply with a long continuing agreement, is the value of the obligation. Sedgwick Vol. 1, p 200, note; p. 202; 4 Peters, 172; 11 An. 39; Sedgwick Vol. 1, pp. 192-3; 35 An. 202.

3. The rule is well settled, that a party cannot prove what he has not alleged. A plea of the general issues is absorbed and overshadowed by, and subordinate to, the special defences with which it may be joined. Evidence of tender is not admissible under the general issue, or under special defences, joined thereto, with which it is inconsistent. 9 An. 119 and cases there cited; 20 An. 306; 21 An. 377; 18 An. 660; 19 An. 43; 28 An. 917; 31 An. 81; 12 An. 739; 14 An. 868; 29 An. 134; 9 An. 528.

4. In case of long continuing agreements, covering a long space of time, if the failure to comply with the original contract is such, that the plaintiff, at all events, is entitled to nominal damages, the plaintiff can recover damages for the consequences of the failure, and immediately traceable to it, although the damages may have accrued since the institution of the suit. 4 Peters, 172; Greenleaf Vol. II, p. 268; Sedgwick Vol. I, p. 199; 2 Greenleaf, 257.

5. When the debtor may be charged with fraud, or when the debtor fails to comply with his obligation, or delays its performance, " by fraud and on affected contumacy," or when the circumstances are wanton, wilful, vexatious, and aggravating, the damages are to be estimated rigorously, and extended to every kind of damage, of which the acts complained of are " efficient cause," including the plaintiff's expenses for loss of time, extra trouble, and counsel fees for prosecuting suit in order to ascertain the damages. Legal fiction should never be permitted to work injustice. C. C. 2315; C. C. 1928, Secs. 2, 3; 24 An. 1; 2 Greenleaf, 268; Pothier, Vol. 1, c. 2, Art. 3; 13 An. 193; 12 An. 714; C. C. 2482; 19 L. 357; 13 An. 449; 14 An. 311, 757, 826; C. N. 1630; 2 An. 868; 24 An. 251; 10 An. 10; 33 An. 392; Sedgwick, Vol. I, pp. 177, 182, 183.

6. It is neither the province nor the prerogative of the Judge to give to the jury, in charge, abstract propositions of law, foreign and extraneous to the issues and facts presented on the trial. Thompson on Charging the Jury, pp. 88-89, 91-2-3.

7. " The deed of a corporation, executed by its officers in its behalf, is presumed to be its deed." The power of the corporation may be conferred by previous authority or by subsequent ratification. " The ratification may be express, or implied from the acceptance of the benefit of the transaction." Pierce on Railroads, pp. 33, 34, 521.

8. In actions, sounding in damages for breach of contract, or failure to comply therewith, or for torts, the verdict of the jury, estimating the damages, will not be disturbed unless palpably erroneous. 18 An. 26; 19 An. 362; C. C. 1928.

*Moss, Andrews & Foster* for Defendant and Appellant:

A contract which binds a party to do or perform a certain thing, and he neglects or fails to carry out and do the thing contracted for, he is guilty only of a passive breach. R. C. C. 1930. When the breach is passive only, damages are due from the time the debtor is put in default, in the manner directed by law. R. C. C. 1933.

In an action for damages for the non-compliance with a contract, plaintiff must prove that he put defendant in default in one of the modes pointed out by R. C. C. 1911, Nos. 1, 2, 3; 1 L. 98; 5 L. 414; 14 L. 80; 9 R. 495; 16 An. 389; 17 An. 32; 30 An. 1126; 31 An. 164.

The putting of defendant in default is an indispensable prerequisite to a recovery of damages on a passive breach of contract. 5 R. 83; 10 R. 524; 11 An. 300.

The debtor can only be put in default:

1. When it is agreed that the party failing to comply shall be so by that mere act.

2. When a specific performance is demanded, either by commencement of a suit (for that purpose) by a demand in writing, by protest made by a Notary Public, or by verbal request made in the presence of two witnesses.

3. By operation of law.  R. C. C 1911, Nos. 1, 2, 3 ; 9 R. 495 ; 30 An. 1126.

The want of default need not be pleaded *in limine*, but may be taken advantage of at any stage of the proceedings.  R. C. C. 1912 ; 3 R. 400.

The rule of damages provided in cases of quasi contracts, and offences, and quasi offences, is not applicable to this case, and the Judge and jury were limited in assessing damages to the provisions of Civil Code, Art. 1934, and §§ 1 and 2.  Damages arising from the passive breach of a contract, are measured by the loss sustained, and the profits of which one is deprived.  C. C. Art. 1934 ; 17 An. 239 ; 11 An. 300 ; 29 An. 288.

Only actual and direct loss can be considered in suits of this kind, and not remote and specu‑lative damages.  The damages to be considered must directly result from the violated contract, and be actually sustained in consequence of its violation.  Evidence of a vague and conjectural character is not proof of damages. 1 Howard, p. 35 ; 1 An. 375.

Damages must not only be direct and immediate, but they must be proved and established with precision and certainty.  It is not sufficient to make them probable.  H. D. p. 524, (a) Nos. 1 and 2; 16 An. 121 ; 21 An. 185.

Remote, consequential, and speculative damages, such as inconvenience and loss of time, are not actionable, and are not to be considered in a suit for recovery of actual damages. 13 An. 564 ; 8 An. 477.

No party can recover when he is in fault, and contributed to the damage and loss by his own acts.  If one can avoid any damages it is his duty to do so, and if he fails to do so, it is his fault and he cannot recover.  30 An. 1359.

Attorneys' fees are not allowable in an action of this kind.  Sedgwick Vol. 1, 7th ed. p. 45, 179, 181 ; Mrs. S. C. Day and Husband vs. N. O. P. Ry. Co., 35 An.

Plaintiff, not suing for the specific performance of the contract, nor for the value of the cross‑ings, cannot recover for passive breach, unless it is shown and established that he sus‑tained damages by the breach.

————

The opinion of the Court was delivered by

MANNING, J.  The suit is for the recovery of $750 as damages re‑sulting from the failure of the defendant to construct road crossings and cattle guards—$75 for crops destroyed—$50 for wages to men hired to guard the premises—two small sums for other damages, and $150 as attorney's fees—$1037.50 in total.

The defence is a general denial with the special pleas of contributory negligence, and want of authority in the defendant's agent to make the contract, the breach of which is complained of.  This last plea has been abandoned.

In 1881 the Railway Company applied to the plaintiff for the right of way through his plantation.  It was granted for the consideration of one dollar and the performance of certain agreements by the de‑fendant, of which the one now claimed to have been violated is that the Company "in accepting this sale of the right of way agrees and promises to construct all necessary road crossings and cattle guards."

The line of the railway passes directly through the plaintiff's plan‑tation, which contains one thousand acres, a distance of a mile and a half and entirely through the enclosed part of it.  It divides the land in two nearly equal parts.  There are three hundred and fifty acres of

land cleared and cultivated, and the road so divides the cleared land that on one side are about one hundred and twenty acres with dwelling and the out houses, stables, ginhouse, a steam saw and grist mill, and seven cabins, and on the other side two hundred and thirty acres and three cabins, pastures for stock, springs and water courses.    The land is rolling so that the road-bed is for the most part either on an embankment or over an excavation.    Its construction destroyed five plantation roads.    The Company made no crossings but dug ditches in some places along the line of the bed, so that road crossings could not be made where the old established plantation roads had been. Wagons could not be driven from one side to the other without taking circuitous routes, and laborers with their teams and plows or vehicles could not pass across unless over the crops in cultivation, or between the piers of trestles and in the bottom of the branches which they spanned.

The plaintiff was not slow in bringing this grievance to the knowledge of the defendant.    He repeated his complaints frequently, and importuned the Company to comply with its obligation to make the road crossings.    He went over the line with one of the engineers and pointed out the places where the crossings were needed.    None were made.    His complaints were unheeded, and his demands for the performance of the contract were evaded.    He could obtain neither redress nor promise of redress.    An engineer went to the plaintiff's residence once on Sunday to confer with him about his complaints, but it seems that he is a Sabbatarian and would not talk on business on that day. Afterwards the engineer offered to build three crossings which the plaintiff deemed insufficient, but even these were never constructed. He would have made the crossings himself, but on signifying his purpose to do so to the engineer he was told that he would infringe the rights of the Railway Company.    He had no other recourse than to bring suit.

The evidence abundantly establishes the quantum of damage claimed, and the right of the plaintiff to recover is well recognized.    Mill's Eminent Domain, 214.    Indeed, three witnesses who personally knew the land and its altered condition, and who speak intelligently, concur in saying that the estimate is low.    The servants of the defendant took possession of the plaintiff's stock pasture, tore the curbing from the spring, burned or otherwise destroyed his fence rails, and permitted their own cattle to run at large upon the fields and depredate the crops.    Remonstrances were vain.    He hired a man to guard the premises who daily rode up and down the line of work remonstrating with the defendant's laborers, but

who found it impossible to guard the whole line. While at one end of the line, stock would be depredating at the other, and once he caught some of them and confined them in the plaintiff's enclosure, and a fiery encounter nearly ensued. The damages allowed are not excessive except in the matter of attorney's fees which are not recoverable in a suit of this character, where the act complained of is not tainted by fraud or malice. 1 Sedgwick's Damages, pp. 45, 179, 181 ; Stewart vs. Sowles, 3 Ann. 464; Williams vs. Barton, 13 La. 406.

There are several bills taken to the introduction of certain evidence, and objections to the regularity of execution of commissions to take testimony, which we do not notice because outside of this testimony taken under commission, and considering only that heard without objection, the plaintiff has established his claim to our entire satisfaction.

There was error in giving judgment for $150 for attorney's fees, and it must be amended in that respect.

It is therefore ordered and decreed that the judgment of the lower court is amended by reducing the sum named therein to eight hundred and eighty-seven dollars and fifty cents, and as thus amended that it is affirmed, the plaintiff paying costs of this appeal.