No. 2990

Second Circuit

---

ANDERS v. LEE-ROGERS CHEVROLET CO., INC.

---

(Dec. 21, 1927. Opinion and Decree.)
(Feb. 3, 1928. Rehearing Refused.)

---

(*Syllabus by the Editor*)

1. **Louisiana Digest—Evidence—Par. 215.**
A sales slip not signed by the parties is subject to explanation by parol and is not an act of the parties within the meaning of Article 2276 of the Civil Code, against or beyond which parol evidence shall not be admitted.

2. **Louisiana Digest—Evidence—Par. 351.**
Where evidence of witnesses is conflicting, yet all the admitted and proven circumstances support the contention of plaintiff, it must be held that plaintiff's contention is proven.

3. **Louisiana Digest—Damages—Par. 89.**
Where demand is for possession of automobile and not conversion, damages will not be allowed for mental pain, suffering or loss of use of car, unless proven.

4. **Louisiana Digest—Attorneys—Par. 59, 70.**
Attorney's fees for prosecuting suit are not generally allowed but, where allowed, must be proven before allowed.

Appeal from the Fourth Judicial District Court of Louisiana, Parish of Ouachita. Hon. J. T. Shell, Judge.

Action by E. E. Anders against Lee-Rogers Chevrolet Co., Inc.

There was judgment for plaintiff and defendant appealed.

Judgment amended and affirmed.

W. F. Pipes, Monroe, attorney for plaintiff, appellee.

Stubbs & Thompson, attorneys for defendants, appellants.

WEBB, J. The plaintiff, E. E. Anders, brought this action against defendant, Lee-Rogers Chevrolet Company, Inc., to recover possession of a Chevrolet automobile and for damages alleged to have been sustained by reason of the illegal retention of possession by defendant.

He alleges, in substance, that he purchased the automobile from defendant at the price of eight hundred and four dollars and in payment that he delivered to defendant a Dodge automobile at the agreed value of three hundred dollars, and for the balance of the price or five hundred four dollars he gave a note secured by chattel mortgage on the automobile; that the automobile had been delivered to him but that he had returned it for adjustments to be made and defendant had retained possession and refused to return the automobile to plaintiff, and that plaintiff had been damaged in the sum of one thousand and seventy dollars for which he prayed for judgment as well as the possession of the automobile.

In answer defendant denied that it had sold the automobile to plaintiff but alleged that it had entered into an executory contract of sale with plaintiff for the price as alleged by him, of which amount plaintiff was to pay three hundred dollars in cash and give a note for the balance secured by mortgage on the automobile and that plaintiff had represented that he owned a Dodge automobile which he could sell to one Elias James at the price of three hundred dollars in payment of which James would deliver a Ford automobile at the agreed value of fifty dollars and pay seventy dollars in cash and give his notes for the balance of one hundred and eighty dollars secured by mortgage on the Dodge automobile and that defendant had agreed with plaintiff to accept the Ford automobile to be delivered by James at the value of fifty dollars and the notes of James for one hundred and eighty dollars and that the cash payment of seventy dollars was delivered to defendant and the whole credited on the price of the Chevrolet automobile.

Defendant admitted that plaintiff had executed a note for five hundred and four dollars as alleged by plaintiff, and that James had delivered the Ford automobile and given notes for one hundred and eighty dollars but had not made the payment of seventy dollars in cash, and plaintiff had not paid nor offered to pay same, and that all of the transactions were merely preliminary to the sale of the Chevrolet automobile and that the agreement of sale was made under and subject to the conditions of the payment by plaintiff of three hundred dollars in cash on or before the delivery of the automobile.

On trial plaintiff offered in evidence a notarial act purporting to show a sale of and chattel mortgage on the Chevrolet automobile. It appears that the purchaser was to pay, as a part of the purchase price, three hundred dollars in cash on or before the delivery of the automobile, and plaintiff also offered in evidence a sales slip or statement purporting to show the transaction as to the sale of the automobile, on which there is a credit as follows: "Allowance Dodge Sedan 300.00", and

plaintiff testified that he had delivered the Dodge car to defendant, and the Chevrolet car had been delivered to him.

The plaintiff offered and was permitted, over and subject to plaintiff's objection, to introduce parol evidence in support of its defense, tending to show that the Dodge automobile had not been accepted by it in payment of the three hundred dollars stipulated to be paid on or before the delivery of the Chevrolet car and in accord with its defense.

Judgment was rendered in favor of the plaintiff decreeing him to be the owner of the Chevrolet automobile and ordering the defendant to deliver same to him, and awarding plaintiff damages in the sum of one hundred and fifty dollars, from which defendant appealed, and plaintiff has answered the appeal praying that the amount of damages be increased to the amount originally claimed and the judgment otherwise affirmed.

We are not informed as to whether or not the court in reaching its conclusion considered the parol evidence which was admitted subject to plaintiff's objections, we presume, however, that it was, as we think it was admissible.

The notarial act purporting to evidence the sale of the Chevrolet car, is conceded to provide for the payment of three hundred dollars of the purchase price in cash on or before the delivery of the automobile, and it is conceded that plaintiff did not have the right to the delivery of the car until such payment was made; the act does not, however, show the payment of the three hundred dollars, and the sales slip or statement showing an allowance of three hundred dollars for the Dodge car as a credit on the price of the Chevrolet automobile, was offered to show the payment.

The sales slip, considered from any point of view, was extrinsic to the notarial act, and if it could be considered as a receipt, it was subject to explanation by parol evidence (Jones, Evidence, Vol. 3, No. 491) and as it was not signed by the parties, we do not think it could be considered as evidencing an agreement of the parties as to the Dodge automobile, and the rule that parol evidence shall not be admitted against or beyond what is contained in instruments evidencing the agreement of the parties (C. C. 2276) is not applicable to mere memoranda of an agreement which may have been made by one of the parties, and we think the transaction as to the Dodge automobile rested wholly in parol, and that the testimony offered by the defendant to show the transaction and its relation to the sale of the Chevrolet automobile was admissible.

The question of fact, that is, whether or not the defendant agreed to accept the Dodge automobile at an agreed price of three hundred dollars, is not one which is intricate or involved, and the testimony offered by the plaintiff as to such agreement was in effect that defendant did, while the testimony of defendant was to the contrary.

The evidence shows that the transaction as to the Dodge automobile was handled by a sales agent of defendant, and it is shown that James agreed to purchase the Dodge automobile at the price of three hundred dollars, of which seventy dollars should be paid in cash and the balance to be represented by a Ford automobile to be delivered at the value of fifty dollars, and notes of James for one hundred and eighty dollars, and that the sales agent delivered the Dodge automobile to James, who in turn delivered the Ford automobile to defendant and gave to defendant notes for one hundred and eighty dollars se-

cured by mortgage on the Dodge automobile, but that James did not make the cash payment of seventy dollars.

The sales agent states that he was acting for the plaintiff in the transaction with James (which is denied by plaintiff), however, the evidence shows that James was dissatisfied with the Dodge automobile and returned it to the sales agent at defendant's place of business, and that the sale of the Dodge automobile was "called off" by the sales agent (without consultation with Anders whom he claimed to represent) and that defendant through its sales agent then sold James a Chevrolet automobile, and the agreed price of the Ford automobile (which had been received in the transaction with relation to the Dodge car) was switched and allowed as a credit to James on the price of the Chevrolet car, and that defendant then attempted to return to the plaintiff the Dodge automobile, who refused to accept it.

While as stated the testimony of the witnesses as to the transaction relative to the Dodge car is conflicting, yet all of the admitted and proven circumstances support the contention of the plaintiff, and we are of the opinion the court correctly held plaintiff to be the owner of the Chevrolet car, and ordered it delivered to the plaintiff.

The damages claimed by plaintiff were itemized as one thousand dollars for mental pain, worry and anxiety of plaintiff caused by defendant illegally converting plaintiff's property; ten dollars per day for being deprived of the use of the automobile, and fifty dollars alleged to have been paid by him for attorney's fees in bringing the suit.

The main demand was for the possession of the automobile, and not for conversion, and while damages for mental pain, suffering and anxiety may be allowed in some cases, evidence must be introduced from which it could be said that mental pain, etc., for which damages is claimed may be distinguished from such pain suffered as an incident to the necessity of invoking the law to protect one's legal rights and to enable the court to fix the amount of the damages, and as there was not any evidence offered to support such claim, the court cannot allow damages for such claims.

The claim for the loss of the use of the car, as to the amount is also one which would have to be supported by evidence, and the only evidence which was offered tending to support such claim was that the plaintiff was an officer of the city of West Monroe and needed an automobile in the performance of his duties and had rented an automobile on several occasions, but he did not state what rental he had paid, and conceding without deciding that damages could be awarded on the claim, the evidence does not furnish any basis for the award.

While damages for attorney's fees for prosecuting a suit are not generally allowed (Day vs. N. O. P. R. R. Co., 35 La. Ann. 698; Eatman vs. N. O. P. R. R. Co., 35 La. Ann. 1018; Ross vs. Goldman, 36 La. Ann. 133; Fox vs. Jones, 39 Ann. 931, 3 South. 95), but conceding that the plaintiff could recover for attorney's fees for prosecuting an action to recover his property, we think that in all cases where it is alleged that there was an agreement for the payment of attorney's fees or that an amount had been paid as such, evidence should be offered to support the claim, and as there was not any evidence offered in support of the claim, it cannot be allowed.

The suit was not for damages for breach of a contract, under which nominal dam-

ages could be allowed without proof, and we do not find any evidence which would authorize the award of any damages.

It is, therefore, ordered that the judgment appealed from be amended so as to reject plaintiff's demand for damages, and as so amended the judgment be affirmed, plaintiff to pay costs of the appeal.