47 So.2d 91 (1950)
MORGAN
v.
PATIN.
No. 3276.
Court of Appeal of Louisiana, First Circuit.
June 29, 1950.
Iddo Pittman, Jr., Hammond, for appellant.
Joseph M. Blache, Jr., Hammond, for appellee.
ELLIS, Judge.
On May 10, 1949 a mule belonging to the plaintiff, Edward Morgan, crossed an open cattle guard into the premises of the defendant, Patin, in Pleasant Ridge, a subdivision outside the city limits of Hammond, Louisiana, and as a result of the defendant's alleged inability to drive the mule out of his premises he shot the mule. The plaintiff is seeking to recover alleged permanent damages to the mule in the sum of $75.00; loss of earnings while the mule was disabled for sixteen work days in the sum of $128.00; veterinarian expenses undisputedly amounting to $13.00, and attorney fees in the amount of $75.00, or a total of $216.00.
The defendant admitted shooting the mule but otherwise entered a general denial, and by way of reconventional demand alleged that on the day in question, May 9, 1949, the mule had entered his premises by walking or jumping across a cattle guard and had remained in his premises for practically a whole day and destroyed valuable flowers, gardenias and shrubbery to the extent of $150.00, and he also claimed that for mental anguish he was entitled to $113.00.
*92 Plaintiff filed a plea to the jurisdiction as the original amount claimed in reconvention is above the jurisdictional amount of the Hammond City Court, whereupon defendant reduced its demand to the amount stated above. Plaintiff filed an exception of no right or cause of action on two grounds, first, that the allegations of ultimate fact in the reconventional demand do not show actionable negligence on the part of the plaintiff, and second, that the defendant could not urge this claim in the form of a reconventional demand inasmuch as the cause is not necessarily connected with or incidental to the main demand and the parties are residents of the same parish, relying upon Code of Practice Article 375. These exceptions according to the minutes were evidently heard and taken under advisement by the Court. The Judge ad hoc rendered the same judgment as originally in the sum of $75.00 in favor of the plaintiff Edward Morgan, and judgment on the reconventional demand in favor of the plaintiff in reconvention, Patin, in the amount of $150.00, all costs of court to be paid by the defendant in reconvention, Edward Morgan. From this judgment the plaintiff Edward Morgan has appealed.
The plaintiff, who is the defendant in reconvention, is reurging his exception of no right or cause of action. We find merit in the exception, however, due to our conclusion on the merits, we will pass the exception.
It is undisputed that the defendant's premises are located outside the city limits of Hammond where there is no stock law and, therefore, the running of livestock at large is lawful, and should a property owner desire to keep such roaming stock off of his property it is his duty to effectively enclose it. The law applicable is stated in the case of Parrott v. Babb, 15 La.App. 520, 132 So. 377, 379, in which the plaintiff sued the defendant for damages done by the latter's cattle in destroying her crops. The Court found as a fact that the property rented by plaintiff and upon which the crops were growing was located in open range territory, and it would have to be determined by the law applicable thereto and stated such law to be as follows; "It was incumbent upon plaintiff to show that her place was within the `no fence law' district or to show that her place was inclosed with a fence that would keep out the ordinary run of cattle. She has failed in both instances."
In the present case it is shown that the defendant's property was enclosed by a three board fence except for openings, and in the front was a gate not described by the testimony, and at the main drive is what is known as a cattle guard made of eleven 4 × 4s spaced approximately four inches apart which would make a width of 88 inches or 7 feet 4 inches. There was no chain across the opening although one is shown in the pictures introduced in evidence.
From the pictures and the evidence we do not believe that the cattle guard was so constructed as to keep out any ordinary animal. While we realize that it is most obnoxious to have to open a gate or let down a chain each time one goes in and out of his premises, cattle guards are, in most instances, ineffective means of preventing livestock from entering one's premises. Neither can it be said that the defendant's property was enclosed. Therefore, the defendant, whose property was located in "open range" territory, has failed to prove that same was enclosed so as to keep out the ordinary run of live stock.
Plaintiff claims that there has been a permanent damage to the mule of $75.00 by reason of the fact that the mule is now wild as the result of having been shot and will not let a white man come within one hundred yards of him. There is no testimony to show that the plaintiff (colored) had any difficulty in catching the mule nor that he desired to sell the mule, in fact, it is shown that he would rather have dropped the lawsuit than to have lost the mule.
It is admitted that the mule is as healthy and sound as it was before it was shot and, therefore, it has not been proven that the owner has suffered any permanent damage to the mule by reason of his having been shot.
*93 On the claim for $128.00 damages for loss of earnings during the sixteen days that the mule was disabled, the proof in the record clearly does not sustain this item. There was not one person who testified that he had offered or would have given the plaintiff and his mule employment during this period of time. It is true that at times the plaintiff used the mule to plow for people but from the record we gained the impression that the greatest work that the mule did was to ride the plaintiff to and from jobs that did not otherwise involve the use of the mule.
There is no doubt that the veterinarian fee of $13.00 is due.
We next come to the question of attorney fees which able counsel for plaintiff contends should be allowed where the damage is the result of an intentional or malicious act. He cites in support of this proposition the following cases: Raney v. Gillen, La.App., 31 So.2d 495; Givens et al. v. Chandler, La.App., 143 So. 79; Eatmen v. New Orleans Pacific Railway Company, 35 La.Ann. 1018; Cooper et al. v. Cappel et al., 29 La.Ann. 213; Williams et al. v. Harmanson et al., 41 La.Ann. 702, 6 So. 604; Vidrine v. Vidrine, 14 La.App. 484, 130 So. 244; De Graauw v. Eleazar, La.App., 24 So.2d 180.
The above-cited authorities sustain plaintiff's contention, particularly the statement of the Court in Vidrine v. Vidrine, supra [14 La.App. 484, 130 So. 246], apropos, in which it said: "We have found that there was in reality a trespass and a flagrant invasion of property rights, and in cases such as this the Supreme Court has held that the trouble and expense to which the plaintiff has been illegally put are to be considered in estimating the damage, and that attorney's fees are part of such expense. Cooper v. Cappel, 29 La.Ann. 213."
In the present case, although there is quite a bit of testimony that the plaintiff's mule roamed at large and was adept at walking and jumping cattle guards, there is also evidence to the contrary, and there is no testimony that any one, including the defendant, ever sent word to the plaintiff to confine his mule or that the mule was damaging any property, and there is no law that would give the defendant a legal right to shoot the mule. We are fully aware of the fact that there is nothing more aggravating than to have an animal destroy valuable flowers and shrubbery, and in the present case defendant became exasperated after chasing this mule and being unable to get the mule to go back over the cattle guard, and in the heat of passion resorted to the use of firearms. We think he deserves some consideration for these reasons, but if under the law the plaintiff is entitled to attorney fees, $75.00 would be reasonable.
It is, therefore, ordered that the judgment of the Lower Court be reversed and that there be judgment in favor of the plaintiff and against the defendant in the sum of $88.00 with legal interest from judicial demand and dismissing the defendant's reconventional demand, all costs to be paid by the defendant.