AYRES, Judge.
This is an action ex delicto wherein plaintiff seeks to recover of the defendant $398, $365 of which is claimed as the value of cattle purported to have died of arsenic poisoning through the alleged fault and negligence of the defendant. The balance of the claim is alleged to have been incurred for the services of a veterinarian rendered in connection with said poisoning.
The district court awarded plaintiff $150, and from that judgment defendant prosecutes a suspensive appeal. Plaintiff has answered the appeal, praying that the award be increased to the amount sued for.
The issues involved are primarily questions of fact. Plaintiff and defendant are neighbors in the Big Bend community of Avoyelles Parish, Louisiana. The highway rights of way constitute an open range for livestock as well as any privately owned land accessible to cattle from the highways.
Defendant owned, in addition to other lands, a small tract consisting of approximately three-quarters of an acre fronting on Louisiana Highway No. 393, on which during 1952 he cultivated a crop of cotton. As was the practice generally in the community during the cotton growing season, defendant used and applied an arsenic poison to keep insects off the crop. This arsenic was contained in a cardboard drum. After the poison had been used, the defendant left the container in a tub in the field until the last of October, when, desiring to plant this tract in vegetables, he burned and destroyed the container and turned his cattle on the land to graze. In order to effect an early removal of the cotton stalks, defendant opened a gap in his fence from the highway so that other cattle might also graze. Although defendant’s cattle and that of several of the neigh--bors did graze upon this land, none were affected by any poison that supposedly was left thereon. Plaintiff’s cattle were the only ones the record reveals were adversely affected.
From the evidence, it would appear, without serious doubt, that plaintiff’s cattle died from arsenic poisoning. The veterinarian who performed an autopsy, testified that “the post mortem lesions showed a typical case of arsenic poisoning”. A specimen was submitted to the Diagnostic Laboratory of the Louisiana Department of Agriculture and Immigration, which certified its examination showed “apparently arsenic poisoning”.
However, the decisive question is whether or not plaintiff’s cattle died as the result of securing the poison in defendant’s field. As heretofore stated, defendant took every precaution to destroy any poisoning that might have remained before opening his field for cattle to graze. Too, defendant permitted his own cattle to graze therein as well as that of several neighbors and, as stated, none of them were affected. The evidence further shows that it was a common and general practice for the farmers growing cotton in -that vicinity to use poison during the growing season. The empty containers on many occasions were thrown away and were found on the range where the cattle roamed. Defendant is shown to have used due and reasonable precautions to destroy any trace of poisoning and was the first to place his own cows in the field. The acts of the defendant have not been shown such as would incur responsibility on his part. The plaintiff, in our opinion, has not, to that degree of cefi- *328 tainty as required by law and by a preponderance of evidence, proved his claim. We reach this conclusion notwithstanding our reluctance to disagree with a finding of fact made by our learned and distinguished brother of the district court.
Plaintiff’s earnest and diligent counsel evidently appreciated the unconvincing character of the evidence introduced, as in brief he stated: “The problem in the present case is clearly one of ‘res ipsa loquitur’ ”. This doctrine is inapplicable to the situation here in that, among other possible reasons, it was not established that the cause of the sickness and death of plaintiff’s cattle was due to any instrumentality or condition produced by or within the possession or control of the defendant.
Counsel has cited the case of Morgan v. Patin, La.App., 47 So.2d 91, the facts of which are, in our opinion, inapposite. The facts there were that plaintiff’s mule crossed an open cattle guard and went upon defendant’s premises, destroying flowers and shrubbery, to defendant’s exasperation, whereupon he shot the mule.
In the case of Condet v. Cohen, La.App., 9 So.2d 257, 259, plaintiff charged that the defendant, a sub-contractor doing drainage work, failed to destroy cement bags, which were eaten by plaintiffs’ cattle causing their death. After stating that the burden was upon the plaintiff not only to offer a preponderance of testimony but to prove his case with reasonable certainty and observing that the evidence was largely circumstantial and that the cows roamed at large, unattended from morning until night, and where they went and what they ate no one knew, the court said: “It is well settled that a litigant on whom the burden of proof rests, such as this plaintiff, must do more than make out a possible or probable case. The duty devolves upon him to show with reasonable certainty the existence and verity of his demand.”
As was appropriately stated in the quoted case, “This duty, according to our appreciation of the evidence, has not been discharged in this cause.”
The judgment appealed from is, therefore, annulled, avoided, reversed and set aside, and there is now judgment in favor of the defendant, rejecting plaintiff’s demands at his costs.