LAND, J.
This is a possessory action, coupled with a demand for damages for timber cut and removed by the defendant from the premises. Plaintiff alleged real and actual possession, as owner, for many years, of the S. E. % of section 25, township 10 N., range 3, and the illegal disturbance of his possession thereof by the defendant in February, 1910, by the wrongful cutting and removing therefrom of timber worth $2,250. Plaintiff sues for said sum, and $250 for attorney’s fees.
Defendant filed an exception of no cause of action, and for answer pleaded the general issue, and specially denied the alleged actual possession of the land by the plaintiff. Further answering, the defendant averred actual and legal possession in itself under a chain of title derived from the United States, which was set forth in the answer. Defendant, further answering, pleaded the prescription of ten years, acquirendi causa, under titles translative of property; and averred the payment of taxes for four years amounting to at least $250, for which it prayed for judgment in the event of eviction. Defendant called its vendor in warranty, and prayed that plaintiff’s demands be rejected, and, in the event of a judgment in favor of the plaintiff, prayed for judgment over and against its warrantor.
Plaintiff moved to strike from the answer all averments relating to titles of the defendant, the acquisition of the property by the prescription of ten years, the payment of taxes on the land, and the right of the defendant to call its vendor in warranty. The Sulphur Timber Company, the warrantor, appeared, and excepted that plaintiff’s petition and defendant’s call in warranty disclosed no cause of action.
Defendant then pleaded that it had filed a separate suit against the plaintiff to test the ownership and title to the land and timber involved in the litigation, and moved for a stay of further proceedings in the cause until final adjudication on the question of title. This motion was overruled by the court. The warrantor filed an answer, admitting the sale to the defendant, setting up similar defenses, and claiming $300 for taxes paid on the land. All the exceptions were referred to the merits.
The case was tried, and there was judgment in favor of the plaintiff quieting him in his possession of the 40 acres of land, more or less, under fence, actually occupied by him, and for $70 for timber cut and removed therefrom, less taxes paid by the defendant and warrantor, aggregating $32.67; and there was judgment against the plaintiff rejecting the remainder of his demands, and ordering that the execution of the judgment be stayed until the final decision of the suit instituted by the defendant against the plaintiff to test the title to the land and timber in controversy.
The plaintiff has appealed, and the defendant has answered praying:
“That the judgment of the lower court be amended to the effect that proceedings in this case be stayed until the final decision in suit No. 19,232. Grant Timber & Manufacturing Co. v. George W. Gray.
That case is before us on appeal by the defendant, Gray, from a judgment in favor of the plaintiff, the Grant Timber & Manufacturing Company. That judgment has been reversed and the suit has been dismissed by a decree of this court. See Grant Timber & Manufacturing Co. v. George Gray (No. 19,232) 60 South. 374, ante, p. 865.
George W. Gray, with his family, moved on the quarter section in dispute on Janu *925 ary 1, 1899, and has been there ever since. His actual inclosures embrace an irregular area of land in the quarter section. Gray had no written title to the tract, and the person, from whom he claims he bought, had none, as far as the record shows. Parol proof of the alleged purchase was objected to by counsel for defendant, and the objection should have been sustained. Gray admits that he endeavored, about 1906, to purchase the tract from the vendor of the defendant. Gray was in actual possession of about 40 acres of land within his fences. He had no title whatever to the quarter section, or any part thereof, and therefore his possession was by inches. It was admitted, subject to objections, that the defendant derived its title through mesne conveyances from the United States. The title was admissible for the purpose of showing civil possession and good faith.
It was admitted that the value of the timber cut within the inclosures of the plaintiff amounts to $70. The payment of taxes by defendant and warrantor, as allowed in the judgment, is admitted.
On the facts of the case, the judgment below is correct, except as to the stay of execution.
It is therefore ordered that the judgment below be amended by striking therefrom the order for a stay of execution, and that as thus amended said judgment be affirmed.
It is further ordered that the appellees pay costs of this appeal.