No. 625

First Circuit

——

VIDRINE v. VIDRINE

——

(October 8, 1930. Opinion and Decree.)

———

O. E. Guillory, of Ville Platte, attorney for plaintiff, appellee.

J. Hugo Dore, of Ville Platte, attorney for defendant, appellant.

LeBLANC, J.   Plaintiff, Philip H. Vidrine, acquired a tract of land of 100 arpents, with improvements, from Sidney Fontenot, in April, 1916, and immediately took possession thereof. About 60 arpents were open, cultivable lands, and the balance, woodland. The open land constituted the western part and the woodland was on the eastern end of the tract. He prosecutes this possessory action, including a claim for damages, against Edmond Vidrine, for trespassing on that part of the tract referred to as woodland, driving his employees off and enclosing a portion thereof with a barbed wire fence. The lower court restored to him his possession of the strip trespassed upon, but rejected his claim for damages. The defendant appealed from the judgment and plaintiff answered, asking that his demand for damages be granted.

In the trial of the case, plaintiff offered his title in evidence merely for the purpose of showing the extent of his possession. He had lived on the property about three years and afterwards kept possession through a tenant. The evidence shows that a part of the woodland was under fence and was used as a pasture for cows.

Several title deeds offered in evidence show that at the time of his purchase of the tract of land, the tract immediately adjoining it on the north belonged to one Samuel Haas and this tract was subsequently acquired by the defendant from Haas. There was a well-defined, blazed line between these two tracts of land which had long been generally recognized as the dividing line between them. After his purchase of the Haas tract, the defendant sold two tracts therefrom on the eastern end, one of 40 arpents to Adam Vidrine and the other of 35 arpents to Zenon Vidrine. In the sale to each, the tracts are respectively described as being bounded on the south by Philip Vidrine, the plaintiff herein. That part of his property given as the southern boundary of these two tracts includes the strip of land herein in dispute.

It appears from the evidence that the plaintiff neglected keeping the fence around the woodland in repair and it fell down. This was about two years before the institution of this suit in January, 1929.

In the latter part of 1928, plaintiff had entered into an agreement with one E. L. Pitkens under which he was to sell to the latter all the crossties that could be manufactured from the timber in this piece of woodland. It was during the latter part of December of that year, while some of Pitkens' employees were engaged in their work on the strip of land in dispute, that the defendant forcibly entered the same and drove them off. He then surrounded the strip with a barbed wire fence. The plaintiff was away at the time, but on being informed of defendant's actions returned at once and with the assistance of some relatives, tore down the enclosure defendant had placed around the property and was proceeding to build a fence himself when the defendant had them all arrested and put under bond. These are the undisputed facts in the case. The sole defense seems to be an attempt to show title in defendant to the strip of land in controversy through different surveys made in an effort to determine the exact location of the line. All of defendant's efforts to introduce testimony relative to the title or to the different surveys were promptly met by objections on the ground that such testimony would tend to convert the action into a petitory one. The objections were properly sustained by the trial judge. The action could not be converted without the consent of the plaintiff. Code of Practice, art. 55, as amended by Act 202 of 1920. The case as presented therefore is one of possession, purely and simply.

Plaintiff's taking actual, corporeal possession of a part of the tract of land constituted his possession of the whole, and we are satisfied of his intention to possess it all.

Article 3437, Revised Civil Code, relating to the extent of possession, prescribes as follows:

"It is not necessary, however, that a person wishing to take possession of an estate should pass over every part of it; it is sufficient if he enters on and occupies a part of the land, provided it be with the intention of possessing all that it included within the boundaries."

On the same subject also, the Civil Code provides under article 3498, that:

"When a person has a title and possession conformably to it, he is presumed to possess according to the title and to the full extent of its limits."

It has been noted already, that the plaintiff in this case, offered his title deed in evidence, for the purpose, as stated in making the offer, of showing the extent of his possession. That offer formed the basis on which to apply the principle that possession of a part is possession of the whole according to the title of the possessor. Albert Hanson Lumber Co. v. Baldwin Lumber Co., 126 La. 347, 52 So. 537. His mere occupation and cultivation of the open land gave him legal possession of the woodland, as it was all within the limits of his title. His abandoning of the fence around the woodland did not operate as a forfeiture of his possession, as his original possession and corporeal detention, with his intention of possession, sufficed to preserve it. The law provides the presumption on his part of the intention to retain possession. R. C. C. arts. 3442 and 3443.

A significant fact in this case is the one which appears from the deeds of title to the two tracts of land sold by the defendant to Adam and Zenon Vidrine, in which he gave as the southern boundary of each, the property of Philip Vidrine which included the very strip of land in dispute.

His declaration in that notarial act to that effect, constituted an acknowledgment on his part that he was not the owner of it, and his forcible taking possession of it under pretense that there was no certainty as to the correct location of the line was unwarranted and unjustified. His act in driving plaintiff's men off of the property under such flimsy pretext was a flagrant violation of the latter's property rights, and, as his forcible taking possession occurred only a few weeks before the bringing of this suit by the plaintiff, the lower court correctly restored the latter to his possession.

We believe that because of defendant's wanton act in taking the law into his own hands and his utter disregard of plaintiff's rights, a case is presented in which damages are recoverable. In the very early case of Kemper v. Armstrong, 12 Martin (O. S.) 296, the Supreme Court held that— "* * * nominal damages are due for any, the least wrongful entry."

Here, there was a wrongful entry. In fact it was a trespass and the plaintiff has proven actual damages.

His claims are for the loss from the sale of crossties, for vexation and torment and the wanton violation of his property rights, and for attorney's fees.

His loss from the sale of crossties from the strip of land in controversy is inconsiderable. It would be difficult to fix any amount with certainty, considering the evidence we have before us. He has, however, proven his claim for damages for torment and for invasion of property rights. The testimony reveals that he is a deaf mute and that in stature, he is a small man compared to the defendant. The latter's overlording manner and his unwarranted actions were enough to annoy and vex a man without infirmities, and certainly must have been a source of great worry to one afflicted as was this plaintiff. We learn from the testimony of several witnesses of his emotion when he returned to his home and found out what had taken place and later on again when he was arrested and placed under bond. The amount he asks for is $50. It is reasonable and will be allowed.

The demand made by plaintiff for attorney's fees has given us greater concern because we are informed by the brief of counsel that the trial judge rejected the claims for damages on the authority of the opinion in the case of Portal v. Clause, decided by this court and recorded in 4 Louisiana Appeal 609. That decision could not have been used as authority for rejecting all claims for damages, however, for, as a matter of fact actual and compensatory damages were allowed, those rejected being the attorney's fees demanded. With regard to this item, the court remarked:

"We know of no law or any precedent in jurisprudence, sanctioning the imposition of attorney's fees against a defendant in a possessory action, where the action is not accompanied by the issuance of an ancillary injunction."

Our attention is now called to the case of Williams v. Harmanson, 41 La. Ann. 702, 6 So. 604, 606, which is not very much unlike the present case. It is referred to as a possessory action only. There was no injunction asked for or issued, and no mention is made of a trespass, although the court holds that there was an unlawful eviction. The conclusions reached are announced in the following language:

"We are bound to hold that plaintiffs are entitled to judgment in their possessory action.

"It follows that they are also entitled to damages for their unlawful eviction, which is fully proved.

488

"Upon due consideration of all the facts and circumstances of the case, we shall without additional comment, fix these at the sum of $500, INCLUDING ATTORNEY'S FEES IN REINSTATING THE POSSESSION." (Capitals and boldface ours.)

That language, it would seem, might be construed to mean that attorney's fees are recoverable in a possessory action where there was no ancillary injunction issued. The language rather indicates that they were allowed for the very purpose and object of a possessory suit, namely, reinstating possession in one who has been dispossessed. Assuming that to be the true meaning of the decision, we, of course, are bound by it, and it follows that the case of Portal v. Clause is, perforce, overruled.

We have referred to these decisions, not because we think that they are particularly decisive of the issue of attorney's fees in this case, but because of the conflict which may appear between them, and to make sure that we yield in our views in the matter if they are not in accord with those of the Supreme Court on the question. In the case under consideration, the element of a trespass appears and the damages asked for, including attorney's fees are based on the alleged trespass and for violation of the plaintiff's property rights. We have found that there was in reality a trespass and a flagrant invasion of property rights, and in cases such as this the Supreme Court has held that the trouble and expense to which the plaintiff has been illegally put are to be considered in estimating the damage, and that attorney's fees are part of such expense. Cooper v. Cappel, 29 La. Ann. 213.

We are of the opinion that the plaintiff has shown by sufficient proof, damages in this regard to the amount of $50, which will be allowed.

The judgment of the lower court was correct in that it restored plaintiff to the possession of the strip of land, but was erroneous in that it rejected his demands for damages entirely.

It is therefore ordered that the judgment appealed from be affirmed insofar as it maintained the plaintiff in possession of the strip of land of which he had been dispossessed by the defendant, and that insofar as it rejected his demands for damages it be annulled, avoided and reversed, and it is now ordered that there be judgment in favor of the plaintiff Philip H. Vidrine and against the defendant, Edmond Vidrine, in the full and entire sum of $100, with legal interest from date of judicial demand, until paid, and for all costs.