This is a suit in which plaintiff seeks to reform a certain deed of conveyance to a lot, together with the buildings and improvements thereon, situated in the Town of Coushatta, Red River Parish, Louisiana, to the extent of incorporating therein the reservation to plaintiff of certain kitchen and bathroom fixtures, particularly described in plaintiff's petition. In the deed referred to plaintiff appeared as vendor of the property and defendant as vendee. The reservation of the fixtures is alleged to have been effected in a specific and distinct verbal agreement between plaintiff and defendant. Plaintiff complains that, subsequent to the execution of the deed and his delivery of the premises, defendant refused to permit plaintiff to remove the fixtures in accordance with the agreement. Whereupon plaintiff instituted this suit in which a writ of sequestration was issued under which the fixtures were seized pending determination of this litigation. Plaintiff also sought recovery of damages in the sum of $150.
Defendant filed exceptions of no right and no cause of action to plaintiff's petition, first, upon the ground that the prayer of the petition did not specifically designate the property alleged to have been reserved, and, further, that the right to a reformation of the deed did not exist. The exceptions were overruled by the district court and after trial on the merits there was judgment in favor of plaintiff ordering the reformation of the deed in such manner as to specifically include the reservation of the fixtures described, maintaining the writ of sequestration but denying plaintiff's claim for damages. From this judgment defendant has appealed and plaintiff has answered the appeal, re-asserting his claim for damages in the sum of $150 as attorney's fees.
[1, 2] In our opinion defendant's exceptions were properly overruled. While it is true that the items sought to be recovered are not specifically described in the prayer of plaintiff's petition, they are definitely and specifically described and set forth in the body of such pleading. And while it is also true, as contended by counsel for defendant, that the prayer of a petition controls the nature of the relief sought, this rule is applicable only in instances where there is a conflict between the allegations of the petition and the prayer thereof, or in instances in which the prayer sets forth the nature of the relief in a more exact and definite manner than has been followed in the body of the petition. Inasmuch as the properties involved in this case have been described with particularity and certainty *Page 497 
in the petition itself, it would appear to be a super-technical ruling to hold that they should be redescribed in the prayer, particularly in view of plaintiff's prayer for full general and equitable relief, which unquestionably protects him, in this instance, against a purely technical objection.
[3] Neither do we find the attack upon the nature of the relief to be tenable. It was essential for plaintiff to predicate this action upon a reformation, of the written instrument in order to avail himself of the right to establish an additional agreement by parol testimony, which under any other nature of proceeding might have been properly excluded on the ground that it sought to vary the terms of the written instrument.
[4] On the merits the facts are clearly established by an overwhelming preponderance of testimony in favor of plaintiff. Despite the fact that defendant denies the agreement of reservation, the testimony of plaintiff, supported by the testimony of a witness in behalf of plaintiff, who, by the way, was the brother-in-law of defendant and was the individual who first initiated the negotiations for the sale and purchase of the property with the plaintiff, and the testimony of the notary who drew the deed of conveyance, to the effect that the parties at the time of the execution of the agreement advised him that there was a reservation which was well understood and which therefore they did not deem necessary of setting forth in the instrument itself, abundantly supports plaintiff's contention.
[5] We heartily agree with the contention made by counsel for defendant that the fixtures were accessories designed for use in the building and therefore that the burden rested upon plaintiff to prove with certainty that such fixtures were reserved in accordance with the provisions of Article 2461 of the Civil Code. Our finding on the facts disposes of this contention inasmuch as we have concluded that the plaintiff has clearly proved his case and it must follow that he has discharged the burden imposed upon him.
[6] It is noted, as a result of our examination of plaintiff's testimony, that the claim to the fixtures described as being one bathtub, one lavatory, one hotwater heater, one kitchen sink and one medicine or bathroom cabinet, is well established, and it is also noted that these are the fixtures which were seized under the writ of sequestration. The judgment of the lower court in granting a reformation of the act of sale designates two lavatories. It would appear that this item is clearly in error and that the judgment, accordingly, should be amended to the extent of reducing the number of lavatories from two to one.
The only other question that remains for determination is with reference to plaintiff's claim for damages in the nature of attorney's fees. This claim was disallowed by the learned judge of the district court on the ground that there was no contract with reference to the property reserved, which was neither bought nor sold nor formed any part of the transaction between plaintiff and defendant. We think this conclusion is clearly in error. The very basis of the judgment of reformation must be that there was an agreement which has been established with certainty and that the agreement was a part of the transaction evidenced by the execution of the written deed of conveyance.
We think the record establishes the fact that, in withholding the surrender of the possession of the fixtures to defendant, plaintiff was unquestionably guilty of bad faith and at least technical fraud, and in consideration of these findings we are inclined to sustain the claim to damages.
Article 1930 of the Civil Code declares that the obligations of a contract extend to whatever is incident to such contract to the extent that the party violating them becomes liable as a part of his obligations to the payment of the damages sustained by the other party by reason of the default.
Article 1934 of the Civil Code fixes the amount of damages to the creditor for a breach of contract as the amount of the loss sustained or the profit of which he has been deprived in those cases "where the object of the contract is anything but the payment of money."
The same article, relative to damages, also provides that "when the inexecution of the contract has proceeded from fraud or *Page 498 
bad faith, the debtor shall not only be liable to such damages as were, or might have been foreseen at the time of making the contract, but also to such as are the immediate and direct consequence of the breach of that contract; * * *."
In the case of Givens v. Chandler, La. App., 143 So. 79, our brethren of the First Circuit allowed damages in the nature of attorney's fees against a vendee who breached a contract by breaking the flow pipe connected with an artesian well in which the vendor had retained an interest.
[7] Under our interpretation of the coda articles referred to, supported by the authority cited, we think that attorney's fees in the instant case are a proper element of damages which should be assessed against the defendant who breached his contract with plaintiff, obviously influenced by motives of self interest.
[8] We think the amount of attorney's fees claimed is somewhat liberal, and, in our opinion, the sum of $100 would be a fair and reasonable allowance for the services performed by the attorneys who instituted this suit, procured the issuance of a writ of sequestration, and prosecuted the appeal.
Accordingly, the judgment appealed from is amended to read as follows:
It is ordered, adjudged and decreed: That there be judgment herein in favor of W.L. Raney, plaintiff, and against Clarence E. Gillen, defendant, reforming that certain act of sale between plaintiff and defendant executed before Henry W. Bethard, Jr., Notary Public, on October 3, 1945, and of record in Conveyance Book 77, page 360, which is the act of sale destribed in the plaintiff's petition, so as to incorporate and write therein a reservation, reserving unto plaintiff, as vendor therein, those certain fixtures described as follows, to-wit: One bath tub, one lavatory, one 20 gallon hotwater heater, one kitchen sink, and one medicine cabinet or bathroom cabinet, with shelf, and recognizing the right of the plaintiff, W. L. Raney, to cause said fixtures to be removed from gaid building, and, further, recognizing and declaring him to be the owner of the said fixtures, and, further, recognizing and rendering perpetual the writ of sequestration sued out herein by the plaintiff.
There is further judgment in favor of plaintiff and against defendant in the sum of $100 as attorney's fees, together with all costs of this suit.
And, as amended, the judgment appealed from is affirmed at appellant's cost.