McCALEB, Justice.
 

 This is a possessory action. Mrs. Grace M. Rhodes is the owner of lot No. 27 of Ravenswood and Conseulo Plantations, as shoYvn on a map of said plantations made by O. E. Fowler, C.- E. which is recorded in the deed books of Concordia and Tensas Parishes. This lot is composed of a portion of Sections 26 and 27, all of Sections 28 and 29 and the northern portion of Section 30, Township Nine (9) North, Range Ten (10) East. Claiming possession: of the above described tract, Mrs. Rhodes and her mineral lessees, The California ■Company and Carter Oil Company,, instituted this suit alleging that the defendant, Collier, has encroached on the northwest portion of Sections 27, 28 and 29 and that sometime subsequent to April 1st, 1946, he constructed a fence thereon, thereby taking actual corporeal -possession of the land.
 

 Defendant admits the building of the fence but he claims that it is situated on the northwestern boundary of the lands possessed by Mrs. Rhodes in Sections 27, 28 and 29 and he further contends that, at the time the fence was erected and for a long time before and continuously since, he has been in actual corporeal possession of the strip of land northwest of the fence. He denies all other claims of plaintiffs and particularly that they ever had possession of any land northwest of the fence.
 

 The district court, after considering a mass of evidence (nearly 200 pages of ■testimony in addition to a volume of exhibits), found that plaintiffs had not proved their case with reasonable certainty and dismissed the demand. Wherefore this appeal.
 

 The undisputed facts of the case show that the property of Mrs. Rhodes, which was carved out of the original Ravens-wood and Consuelo Plantations, compris
 
 *759
 
 ing Sections 27, 28 and 29 of Township 9 North, Range 10 East, is hounded on the northwest by the lands of J. W. Brown and A. C. Ferrington, described in part as “all the fractional section 52 and the South Half of the fractional section 46 except * * * all being in Township 9 North, Range 10 East, containing 526 acres, more or less, known as the Luckett Plantation; * *
 
 *»'
 

 Brown and Ferrington acquired the Luckett Plantation from Union Central Life Insurance Company in 1934. On Oc-
 
 [1]
 
 tober 13th 1945, Collier obtained a deed from Brown and Ferrington covering the following described property, comprising approximately 20 acres:
 

 «* * * alKj ,a strip of land lying . south of Sections 46, and 52, T. 9 N. R. 10 E., and being more particularly described as follows: Begin at a point which ■is South 55 degrees, 30 minutes west and a distance of 1046.6 feet from the corner common to Sections 27, 46 and 47; thence S. 46-15 W. following an old hacked and blazed line part of which is along an old •fence, a distance of 6078 feet, more or less; thence North a distance of 246 feet, more or less; thence N 46-15 E between Sections 28 and 52 a distance of 4190 feet, more or less, thence N. 46-15 E between Sections 28 and 46 a distance of 83 feet, more or less; thence N. 55-30 E. between Sections 27 and 46 a distance of 1553 feet, more or less, to the place of beginning. * * *»
 

 It is perfectly obvious, from the foregoing description, that the property conveyed ;by Ferrington and. Brown to Collier lies south and east of the division line of Sections 46 and 52 and Sections 27, 28 and' 29. Being bounded on the north and west by the division line between the properties comprising the Luckett Plantation and Mrs. Rhodes’ tract, all of the land conveyed to Collier is within the northern portion of Mrs. Rhodes’ property, i. e.r Sections 27, 28 and 29, and the fence built by him on the southern boundary of the-property described in the deed from Brown and Ferrington is situated on her land. Therefore, since Brown and Ferrington admittedly had no title whatever to any land located in Sections 27, 28 and 29, it follows that their deed to Collier conveyed nothing and that his entry upon Mrs., Rhodes’ land and seizure of possession,, was unlawful.
 

 We have mentioned these self-evident-facts at the outset because the district judge denied relief on the ground that the-evidence submitted by plaintiffs did not •establish with certainty the division line-between 27, 28 and 29 and Sections 52,. 53 and 46. The judge thought that because there was a lack of unanimity in the expert evidence of the surveyors testifying-for plaintiffs (that is, because Surveyor J. E. Heard disagreed with the findings of previous surveyors and also because Surveyor J. P. Sessions disagreed with the location of the division line found by
 
 *761
 
 Heard), he was required to 'rely on secondary proof (testimony given by various woodcutters and others, who stated that there was an old land line blazed, hacked and marked with relics of fences which had been recognized as a division line of the Ravenswood and Luckett Plantations) to determine whether defendant was disturbing plaintiffs’ possession. And finding that this secondary evidence showed the division lines between Mrs. Rhodes’ property and Brown’s and Ferrington’s tract to be identical with the fence built by defendant, he concluded that plaintiffs did not prove their case.
 

 We think that the judge fell into error in holding that plaintiffs failed to establish with certainty that defendant’s fence was encroaching upon their land, inasmuch as the testimony of plaintiffs’ experts clearly demonstrates that the line on which the fence has been erected by defendant is south of the division line between Sections 27, 28 and 29 and Sections 52, 53 and 46. And their evidence is fully confirmed by Mr. E. E. Scott (Civil Engineer and Surveyor), who made a plat of the lands in question for Brown and Ferrington at the time they purchased Luckett Plantation and who was called by the Court to give testimony. The fact that the surveyors are not in unanimity as to the exact location of the division line between the property of Mrs. Rhodes and ■that of Brown and Ferrington has but little, if any, bearing on plaintiffs’ right to relief inasmuch as all the probative evidence, including the deed under which defendant claims possession, discloses that the fence erected by him is situated on Mrs. Rhodes’ land.
 

 This is not an action in boundary but a possessory action in which plaintiffs were required only to establish possession of the land as owner for more than a year previous to the time of the disturbance; that the disturbance is real and that they have brought their suit within the year in which the disturbance took place. Articles 47 and 49 of the Code of Practice. All of these essentials are present in the case at bar as plaintiffs have proven actual possession
 
 [1]
 
 of a part of the tract, which extended civilly to all the land included within the boundaries as stated in the title deed of Mrs. Rhodes, Articles 3437 and 3498 of the Civil Code; Leonard v. Garrett, 128 La. 535, 54 So. 984 and cases there cited, and disturbance of that possession by the trespass of Collier in erecting ¡a fence upon the northwest portion of the tract.
 

 Counsel for defendant proclaims that plaintiffs cannot rely on the doctrine of civil possession because they allege in their
 
 *763
 
 ■petition that they were in real actual and corporeal possession of all o.f the land included within the limits stated in the title deed of Mrs. Rhodes; in other words it is claimed that there is a discrepancy between ■the pleading and proof.
 

 We see no merit in this postulation. As long as plaintiffs have exhibited proof of possession, actual or constructive, and defendant’s disturbance, they are entitled to relief under the law notwithstanding their inability to establish actual physical possession of the entire tract.
 

 Counsel also maintains that there is no proof that Mrs. Rhodes’ title, which is to lot 27 of Ravenswood Plantation as per survey of Fowler in 1926, extends beyond the fence defendant erected in 1946 and it is further contended that defendant has established corporeal possession of the land in controversy for many years which had the effect of ousting the civil possession of plaintiffs, if such possession ever existed.
 

 This argument is not impressive. As we have already stated, plaintiffs have proved beyond .any doubt that the title of Mrs. Rhodes extends to the division line of Sections 27, 28 and 29 and Sections 52, 53 and 46. The testimony of defense witnesses, respecting evidence of the existence of an established land line farther to the south and east than the real division line set forth in Mrs. Rhodes’ deed, cannot benefit the defendant as he, a trespasser, is not in a position to assert that plaintiffs’ civil possession does not extend to the ■limits stated in Mrs. Rhodes’ title, which have been proven to be northwest of the fence erected by him. New Orleans Terminal Company v. Luckner, 147 La. 967, 86 So. 411. Being without color of.'title, defendant cannot defeat the possession of the record owner who has corporeal possession of a part other than by an adverse possession by inclosures. Ellis v. Prevost, 19 La. 251; Albert Hanson Lumber Co. v. Riggs Cypress Co., 130 La. 772, 58 So. 567 and Cray v. Grant Timber & Mfg. Co., 131 La. 922, 60 So. 617.
 

 In addition to the prayer for restoration of possession, Mrs. Rhodes alleges that the defendant, by his willful and unlawful disturbance, has caused her great humiliation, embarrassment and inconvenience and that she is entitled to recover therefor the sum of $2500. She also prays for recovery of 'attorneys’ fees in the sum of $1000 and the other plaintiffs, The California Company and Carter Oil Company, ask for a similar award.
 

 Mrs. Rhodes did not testify in the case or offer any evidence to support her claim for damages. Hence, recovery cannot be granted.
 

 Insofar as plaintiffs’ claims for attorneys’ fees are concerned, we entertain doubt that they are an actionable element of damage in a case like this. The ordinary ■rule is that attorneys’ fees are not recoverable in a civil action in the absence of statute or contract. Meraux & Nunez, Inc. v. Gaidry, 171 La. 852, 132 So. 401. An
 
 *765
 
 exception is made in conservatory writs where the defendant succeeds in having the writ dissolved on motion but not on defenses applicable to the merits. Edwards v. Wiseman, 198 La. 382, 3 So.2d 661 and cases there cited. Counsel for plaintiffs maintain that another exception exists in possessory actions and they cite, in support ■of their contention, Cooper v. Cappel, 29 La.Ann. 213; Williams v. Harmanson, 41 La.Ann. 702, 6 So. 604; Vidrine v. Vidrine, 14 La.App. 484, 130 So. 244 and De Graauw v. Eleazar, La.App., 24 So.2d 180.
 

 It was held in Cooper v. Cappel and Williams v. Harmanson that, in a suit 'for damages on account of a trespass, the trouble and expense to which-the plaintiff has'been subjected are to be considered in estimating the damages and that attorneys’ fees are properly part of such expense which may be proved even though not 'alleged.
 
 [2]
 
 However, in those cases, it is -apparent that little or no consideration was given to the general rule that attorneys’ fees are not recoverable in civil actions as a reading of the opinions will disclose -that the Court simply assumed that an allowance .for fees of counsel was proper.
 

 But we do not find it necessary to -determine in this case whether the doctrine of the Cooper and Williams cases ■should be followed as plaintiffs have not offered any proof to establish their -claims. Although they aver that they were required to employ -attorneys to prosecute the suit ■and that they have agreed to pay the attorneys $200 for handling the litigation, na ■evidence has been submitted in support of these allegations. It is the well-settled jurisprudence that, even in -cases where ■attorneys’ fees are allowed, absence of proof -that the fees have actually been paid, or -an obligation incurred to pay, defeats recovery. Whitney-Central Nat. Bank v. Sinnott, 136 La. 95, 66 So. 551; Alfano v. Franek, 159 La. 498, 105 So. 598; General Finance Co. of Louisiana v. Veith, La.App., 177 So. 71 and Burglass v. Villere, 170 La. 805, 129 So. 209.
 
 [3]
 

 
 *767
 
 The judgment appealed from is reversed and it is now ordered that there be judgment in favor of plaintiffs and against the defendant restoring the full and complete possession to Mrs. Grace M. Rhodes, as owner, and to The California Company and Carter Oil Company, as lessees, of Lot No. 27 of Ravenswood and Consuelo Plantations, as shown and described on a map of said plantations made by O. M. Fowler, C. E. and recorded in Deed Book “FF” page 254, records of Concordia Parish, Louisiana, and Deed Book “U”, page 405, records of Tensas Parish, Louisiana, and condemning and ordering the defendant to remove from plaintiffs’ property, at his expense, the fence erected thereon. The defendant is to pay all costs.
 

 O’NIELL, C. J., does not take part.
 

 [1]
 

 Proof of Mrs. Rhodes’ actual possession (for.over a year prior to the disturbance) of Sections 27, 28 and 29 (except the northwest portion which has been fenced in by Collier) is not seriously disputed. In fact, it is admitted by Collier in his answer and is otherwise conclusively shown by the cutting of timber and exploration for minerals.
 

 [2]
 

 The two cases of the Court of Appeal, viz., Vidrine v. Vidrine and De Graauw v. Eleazar, merely follow the rule laid down by this Court in the Cooper and Williams cases.
 

 [3]
 

 Counsel for plaintiffs cite Baldwin, Executor, v. Carleton, 15 La. 394; Succession of Weil, 205 La. 214, 17 So.2d 255 and De Graauw v. Eleazar, La.App., 24 So.2d 180, as authority for their contention that attorneys’ fees may be recovered even though there be no proof of the value of the services rendered and plaintiffs’ liability therefor. This is true in probate matters where the attorney has performed services under the eye of the court and is seeking to have his fee fixed, and Baldwin, Executor v. Carleton may be said to be authority for that view. However, that adjudication and Succession of Weil are wholly without application to a case like this, where plaintiffs are seeking recovery of attorneys’ fees as an item of damage which they have allegedly sustained. The Court of Appeal case of De Graauw v¿ Eleazar, relied on by counsel, is in discord with the jurisprudence of this Court, cited above.