PONDER, Justice.
 

 In this case writs were granted hut limited solely to a consideration of the question as to whether or not attorney fees are allowable.
 

 This is a possessory action instituted by the plaintiff in which he sought to have the court recognize his right to a servitude of drip and drain across defendants’ driveway. With his possessory action, plaintiff coupled a demand for damages, including $500 as attorneys’ fees.
 

 The portion of the opinion of the Court of Appeal which caused us great concern at the time writs were applied for, was the following holding: “Attorney’s fee in a case of this character, it has often been held, is an element of damages for which recovery may be had. See: Williams v. Harmanson, 41 La.Ann. 702, 6 So. 604; Vidrine v. Vidrine, 14 La.App. 484, 130 So. 244; Degraauw
 
 v.
 
 Eleazar, La.App., 24 So.2d 180.” Efner v. Ketteringham, La.App., 41 So.2d 130, 135.
 

 This court, in the late case of Rhodes v. Collier, 215 La. 754, 41 So.2d 669, passed upon the question of attorney fees. In the Rhodes case plaintiff brought a possessory action and claimed attorney’s fees as damages, this court pointed out that it is well settled jurisprudence that even in cases where attorneys’ fees are allowed, absence of proof that the fees have actually been paid, or an obligation incurred to pay, defeats recovery. Citing Whitney-Central
 
 *727
 
 National Bank v. Sinnott, 136 La. 95, 66 So. 551; Alfano v. Franek, 159 La. 498, 105 So. 598; General Finance Co. of Louisiana v. Veith, La.App., 177 So. 71 and Burglass v. Villere, 170 La. 805, 129 So. 209.
 

 The author of the opinion of Rhodes v. Collier, supra, discussed the cases relied upon by the Court of Appeal in the present case and noted that Vidrine v. Vidrine, supra, and DeGraauw v. Eleazar, supra, ■merely followed the rule laid down by the court in Cooper v. Cappel, 29 La.Ann. 213 and Williams v. Harmanson, 41 La.Ann. 702, 6 So. 604. In regard to the two latter cases, the Rhodes opinion [215 La. 754, 41 So.2d 673] pointed out that “it is apparent that little or no cpnsideration was given to the general rule that attorneys’ fees are not recoverable in civil actions as a reading of the opinions will disclose that the Court simply assumed that an allowance for fees of counsel was proper.” In the Court of Appeal decision of Bryson v. George, La. App., 1947, 31 So.2d 492 it was held that attorney fees are not allowable to successful plaintiffs in a possessory action.
 

 Aside from the conflict in the jurisprudence, it is important to note that the situation that existed in Rhodes v. Collier, supra, is also present in the instant case, to wit: that plaintiff has offered no proof to establish his claim to attorney fees. The record is devoid of evidence to show either an agreement to pay attorney fees or to prove the value of the legal services rendered. Therefore under the Rhodes case and the decisions therein cited, absence of proof that the fees have actually been paid, or an obligation incurred to pay, defeats recovery.
 

 Counsel argues that attorney fees may be recovered even though there is no proof of the value of the services rendered and the plaintiff’s liability therefor. But as was pointed out in the footnote in the Rhodes case, this is true in probate matters where the attorney has performed services under the eye of the court and is seeking to have his fee fixed. Baldwin’s Executor v. Carleton, 15 La. 394 and Succession of Weil, 205 La. 214, 17 So.2d 255 may be authority for that view, however these cases are wholly without application to a case like the present one where plaintiff is seeding recovery of attorney’s fees as an item of damage which he has allegedly sustained. The Rhodes case stated that the court of Appeal case of DeGraauw v. Eleazar, supra, is in discord with the jurisprudence of this court.
 

 The ordinary rule is that attorneys’ fees are not recoverable in a civil action in the absence of statute or contract. Meraux & Nunez Inc. v. Gaidry, 171 La. 852, 132 So. 401; Rhodes v. Collier, 215 La. 754, 41 So.2d 669. Since the plaintiff has offered no proof to establish his claim, it is not necessary to determine whether the doctrine of the Cooper and Williams cases should be followed.
 

 For the reasons assigned, the judgment of the Court of Appeal insofar as it allows $200.00 for attorney fees is reversed, in all other respects it is affirmed.