TATE, Judge.
This is a suit by an owner of property against a former tenant to recover for damages arising by reason of the latter’s failure, after timely notice, to vacate the premises and to remove certain improvements. The plaintiff-owner was awarded judgment in the amount of $320.00. From this judgment both parties appealed.
The allegations of the petition admitted as correct by the answer, as does the testimony, show that the defendant leased from the plaintiff on a month to month basis a lot on Nicholson Drive in Baton Rouge for a monthly rental during 1957 of $100.00, upon which leased premises the tenant operated a miniature golf course.
The proof shows that in December, 1957, the plaintiff through her agent and son-in-law received an offer from a neighboring business establishment to rent the premises from her for $200.00 per month, as a result of which (upon defendant’s inability to pay an increased rental) the defendant was informed that his month to month lease would not be renewed. The plaintiff’s agent testified that when the defendant had placed some concrete runways on the property in 1955, it was agreed that defendant would remove same at the expiration of the lease; and further testified, corroborated by a written notice he sent defendant, that he and the defendant agreed at the time he informed the defendant that the lease would be terminated that the defendant would have the month of January, 1958, rent-free, to remove his equipment and improvements from the premises, which were to be removed by February 1st when the new tenant’s lease at $200.00 per month was to commence.
Defendant did not see fit to take the stand to contradict this testimony or to produce any evidence whatsoever to indicate that such was not true. Upon appeal, defendant makes these two contentions: (a) that an amended petition was permitted to be filed which altered the substance of the demand, and to the prejudice of the defendant in that he was not permitted time to answer the supplemental petition or urge objections thereto, urging that therefore the cause should be remanded; and (b) that the damages were not sufficiently proved within the requirements of LSA-C.C. Art. 2277, to be quoted below.
As to the supplemental amending petition, we agree with the trial court that it simply amplified the allegations of the original petition and did not alter the substance of the demand and hence was permissible under C.P. Art. 419. The sole allegation as to which there might have been question is article 6 of the supplemental petition, by which the additional sum of $500.00 is claimed as damages for attorney’s fees. However, as recently clarified by the Supreme Court, a supplemental petition which merely increases the amount demanded by alleging additional damages which *90 are incidents of and not inconsistent with or exclusive of the original cause of action pleaded, does not alter the substance of the demand within the prohibition of C.P. Art. 419. Breaux v. Laird, 230 La. 221, 88 So.2d 33. Moreover, this added item of damages, as to which no testimony was taken, is not legally recoverable, see below.
The circumstances of the filing of the supplemental petition are as follows. Suit was filed April 14, 19S8. An exception of no cause and right of action was filed by defendant on April 21st, which was heard and submitted on April 28th. The court referred same to the merits on November 3rd. On November 7, 1958, the case was set for trial for February 11, 1959. Defendant’s answer was filed on January 27, 1959. On January 30, 1959, the plaintiff filed a supplemental and amending petition and sent a copy thereof to the defendant’s counsel. On motion filed February 9th, the defendant called attention to the fact that leave of court had not been secured for the filing of the amended petition after issue joined (see C.P. Art. 419), and excepted to the filing of the amended petition; whereupon on the same date the plaintiff had the court sign the order to permit the filing of the amended petition.
When the case came up for trial on February 11th pursuant to the long-standing assignment, counsel for the defendant objected to going to trial, claiming that the supplemental and amending petition came too late and altered the substance of the demand. As previously noted, the trial court properly found that the allegations of the supplemental petition merely amplified the allegations of the original petition. Upon the trial court’s request that counsel specify how he was prejudiced, counsel stated that he wanted to examine the plaintiff in person (whom the evidence shows to be an invalid lady aged 76) rather than her agent. The trial court then observed that defendant had a right to take the testimony of the plaintiff either by reservation of the right to do so at the close of the testimony (Tr. 11) or by deposition or examination at her home (Tr_ 31).
Thus the record demonstrates: that' prior to the filing of his answer in January, counsel for defendant at a pre-trial’ conference was informed that an amended and supplemental petition would be-filed; that there was never any surprise- or even any claim of surprise on his part;, and that the trial court informed him! his rights would be protected in the event he actually desired to take the testimony of this elderly lady or have her examined (whom the evidence shows moreover had' played no part in the leasing of the property or negotiation with defendant, all of which was handled by her son-in-law who-did testify). Despite which, the defendant closed without introducing any testimony whatsoever or requesting that the trial court reserve his right to take such testimony or have this lady examined by deposition or otherwise.
Under C.P. Art. 421, a party has the right of answering an amended petition but “it must be done immediately”. The defendant never claimed the right to answer the amending petition, a copy of which he had received at least ten days before the trial, nor did he object to going to trial on the ground that he had not answered same. In the complete absence of prejudice or surprise to him, and in the trial court’s willingness to leave the note of evidence open to permit him to take any evidence or depositions which he might think were necessitated (an offer he did not take advantage of, apparently since none were necessitated), we can see no merit to defendant’s complaint that the cause should be remanded and final disposition delayed yet further becaue the amended petition was not signed until two days before the trial (although he had notice thereof long before said signing), following which the defendant did not see fit to answer the allegations thereof (already answered by the general denial of his original answer) and waived the right to do so by going to *91 •trial without requesting an opportunity to .answer same. Cf. Morris v. Williams, La. App. 1 Cir., 88 So.2d 721.
Defendant’s contention that the ■damages claimed were not proved within •the requirements of LSA-C.C. Art. 2277[1] ■.is also completely without merit. Aside from the circumstances that the suit before ms is not upon an agreement but for damages,[2] and that none of the individual items ■claimed exceeded $500, see Wadlington v. Barron, La.App. 2 Cir., 91 So.2d 448, sylla'bus 9, we find that the uncontradicted •testimony of plaintiffs son-in-law and agent 'handling the transactions and accepted as ■credible by the trial court, and corroborated 'by circumstances such as the admitted lease ■ agreement, the letter of notice to the defendant which the latter did not dispute •by any contrary evidence, and the cancelled ■check for $200 to the firm which removed •defendant’s concrete runways from the premises, are sufficient proof of the in■debtedness within the meaning of the codal •article.
The plaintiff appealed urging an increase •in the award to the amount of her full ■demand.
 The claim for attorneys’ fees as •damages because of the necessity to hire ■and pay her attorney arising from the unjustified failure of the defendant to vacate and remove his improvements from the premises is based upon such cases as Morgan v. Patin, La.App. 1 Cir., 47 So.2d 91 and Raney v. Gillen, La.App. 2 Cir., 31 So.2d 495. However, these cases have been overruled under the principle that, in absence of statute or contract, attorneys’ fees are not allowed for prosecuting or defending a case on the merits. Breaux v. Simon, 235 La. 453, 104 So.2d 168; Efner v. Ketteringham, 217 La. 719, 47 So.2d 331; Rhodes v. Collier, 215 La. 754, 41 So.2d 669; Loeblich v. Garnier, La.App. 1 Cir., 113 So.2d 95. Such claim was properly not allowed.
The District Court awarded as fully proved the plaintiff the $200.00 demanded for the cost of having defendant’s concrete runways removed which, the evidence shows, were an impediment to use of the property by the new tenant. However, the plaintiff was allowed only $120.00 for loss of rent, although she demanded $300.00.
The plaintiff’s contentions that she is entitled to $300.00 rent is founded upon the positive testimony that she had a new tenant who had agreed to take the place on February 1st, 1959 at $200.00 per month; that the defendant was given the premises rent free during January, 1959, to remove his improvements; that the defendant failed to remove some concrete runways by February 1st despite his agreement to do so, as a result of which the plaintiff had to do so on March 15th, following which she delivered possession to her new tenant. Thus, it is her contention that she was entitled to 1*4 month’s rent at $200.00, or a total of $300.00.
In restricting her recovery of rent to $120.00 (or Yi of a month, i. e., 18 days), the trial court apparently relied on the plaintiff’s agent’s admissions that by February 15th, he knew the defendant was not going to perform its obligation to remove the concrete runways, and that it took only 3 days to secure removal thereof after it was determined to do so. We are unable to state that the trial court erred in so restricting recovery upon plaintiff’s failure *92 to minimize her damages upon positively learning that defendant was going to refuse to remove the concrete runways.
Finding no error in the judgment from which these appeals were taken, the same is accordingly affirmed.
Affirmed.

. LSA-C.C. Article 2277 provides:
“All agreements relative to movable property, and all contracts for the payment of money, where the value does not exceed five hundred dollars, which are not reduced to writing, may be proved by any other competent evidence; such Contracts or agreements, above five hundred dollars in value, must be proved at least by one credible witness, and other corroborating circumstances.”

. The oral month to month lease at $100.-00 per month is not in dispute and is in fact admitted by Articles 3. and 4 of defendant’s answer.