253 So.2d 117 (1971)
Mrs. Rose LLOYD, Plaintiff-Appellant,
v.
MERIT LOAN COMPANY OF SHREVEPORT, INC., Defendant-Appellee.
No. 11673.
Court of Appeal of Louisiana, Second Circuit.
September 8, 1971.
Rehearing Denied October 12, 1971.
Writ Refused November 23, 1971.
Hargrove, Guyton, Van Hook & Ramey, by James A. Van Hook, Shreveport, for plaintiff-appellant.
Cook, Clark, Egan, Yancey & King, by Gordon E. Rountree, Shreveport, for defendant-appellee.
Before BOLIN, HEARD, and HALL, JJ.
En Banc. Rehearing Denied October 12, 1971.
HEARD, Judge.
This case is a sequel to case No. 11,578 carried on the February docket of this court. In that case we sustained the granting of a summary judgment for the payment of rent under a recorded lease, 245 So.2d 427. Mrs. Rose Lloyd instituted suit against Merit Loan Company for rent allegedly due under a written lease, for interest on the rent and for attorney's fees.
Mrs. Rose Lloyd and Merit Loan Company had entered into a written lease agreement for a term beginning December 1, 1966 and ending November 30, 1969 whereby defendant leased and rented from Mrs. Rose Lloyd certain commercial property in Shreveport, Louisiana for the monthly rental of $287.35 per month. The rent for the months of June, July, August, September, October and November 1969 was unpaid, and it was the contention of plaintiff *118 that the rent for this six months period was due pursuant to the terms of the lease agreement as a result of cancellation of the lease by defendant. A motion for a partial summary judgment was filed by plaintiff seeking judgment for the rent and interest thereon omitting attorney's fees. This motion was opposed by defendant. The trial court sustained the motion, defendant appealed, the judgment of the trial court was affirmed and the judgment subsequently paid, leaving the only remaining issue the plaintiff's claim for attorney's fees. On this question defendant, Merit Loan Company filed a motion for summary judgment which was sustained by the trial court. From this judgment plaintiff has appealed.
It is the contention of plaintiff that LSA-C.C.P. Art. 966 provides that a motion for summary judgment shall be granted when the pleadings, depositions, admissions and affidavits, if any, show that there is no genuine issue as to a material fact; that plaintiff in this case has alleged in her petition that defendant was in legal bad faith in its violation of its contract with plaintiff and that this is a material fact to be passed upon in determining whether or not attorney's fees are allowable. The specification of errors are:
(1) in holding that attorney's fees are never recoverable unless provided for by contract between the parties or unless the statute specifically provides in so many words that attorney's fees are recoverable;
(2) in holding that Articles 1930 and 1934 of the Louisiana Civil Code do not and can never, regardless of circumstances, include attorney's fees in the measure of damages for breach of contract.
It is conceded that the lease agreement made no provision for attorney's fees for its violation. In order to uphold his convery lengthy and exhaustive brief in a tention, counsel for plaintiff has filed a thorough discussion of the law relative to attorney's fees. After a careful consideration of the authorities therein cited, as well as those cited by defendant's counsel, we find that the Supreme Court in the case of Hernandez v. Harson, 237 La. 389, 111 So.2d 320 (1959) discussed the general rule and its exceptions relative to the allowance of attorney's fees. The court stated:
"It is well recognized in the jurisprudence of this Court that as a general rule attorney's fees are not allowed except where authorized by statute or contract. Rhodes v. Collier, 215 La. 754, 41 So.2d 669; Efner v. Ketteringham, 217 La. 719, 47 So.2d 331; Brantley v. Tugwell, 223 La. 763, 66 So.2d 800; Griffin v. Bank of Abbeville & Trust Co., 228 La. 857, 84 So.2d 437; Chauvin v. LaHitte, 229 La. 94, 85 So.2d 43; McNeill v. Elchinger, 231 La. 1090, 93 So.2d 669; Breaux v. Simon, 235 La. 453, 104 So.2d 168. A well recognized exception to this rule is that attorney's fees are allowed as damages when conservatory writs have been dissolved on motion and not on defenses applicable to the merits. Brantley v. Tugwell, supra; Edwards v. Wiseman, 198 La. 382, 3 So.2d 661. However, there is considerable conflict in the jurisprudence as to other exceptions to this rule. A reading of the various opinions handed down by this Court in this respect reveals that attorney's fees have been allowed when injunction proceedings have been instituted to prevent the seizure and sale of property owned by a third person. In some cases when the injunction is maintained attorney's fees were allowed and in other cases attorney's fees were only allowed as an element of damages where the injunction was dissolved on hearing of the merits. The two different views in this respect are thoroughly pointed out in the cases of Soniat v. Whitmer, 141 La. 235, 74 So. 916 and Jackson v. Bouanchaud, 178 La. 26, 150 So. 567. In the dissenting opinions of the then Chief Justice written in both of these cases, it is stated that the Court should avail itself (at that time) of the opportunity to overrule one *119 line or the other of the conflicting decisions reviewed in those cases.
"We do not feel that it would be appropriate in this case to decide which line of jurisprudence should be followed in such injunction proceedings because we do not have such issue before us and any comment that we might make would be merely obiter dictum.
"There is also a conflict in the decisions of this Court as to whether attorney's fees should be allowed in cases of the unlawful seizure of the property of a third party. It would appear that in these cases the basis of the award is that the seizure was made without probable cause, or the exercise of due diligence, or with malice and wanton disregard for the rights of others. This line of cases holds that such action is forcible trespass or tort giving rise to punitive damages. It is questionable whether these decisions are correct under our law." [111 So.2d 320, 327.]
In the case of Chauvin v. LaHitte, 229 La. 94, 85 So.2d 43, the Supreme Court said:
"But in our opinion there is error in that part of the judgment which awards to plaintiff attorney's fees of $400. On numerous occasions this court has said that ordinarily attorney's fees are not assessable as an item of damages unless provided for by law or by contract. The clear import of the language of the opinions is that no award of them can be made if not so particularly authorized. Winkler v. Ascension Bank & Trust Co., 182 La. 69, 161 So. 23, Efner v. Ketteringham, 217 La. 719, 47 So.2d 331, Brantley v. Tugwell, 223 La. 763, 66 So. 2d 800, and Griffin v. Bank of Abbeville & Trust Co., 228 La. 857, 84 So.2d 437. See also (as to the result reached) Ecuyer v. Benevolent Association of Elks, 152 La. 73, 92 So. 739 and Davis-Wood Lumber Co. v. Canulette Shipbuilding Co., Inc., 164 La. 301, 113 So. 855. No statutory or codal provision specifically authorizing an award of attorney's fees in a case such as this has been called to our attention, and the sales contract under consideration does not provide for it.
"Plaintiff's counsel cite in support of the claim, and the district judge evidently based his award on, Raney v. Gillen, La. App., 31 So.2d 495 and Morgan v. Patin, La.App., 47 So.2d 91, both of which were decisions of Courts of Appeal. However, the authorities relied on in the Morgan case were disapproved by this court in Rhodes v. Collier, 215 La. 754, 41 So.2d 669, which was followed in Brantley v. Tugwell, supra, and also in Efner v. Ketteringham, supra. Moreover, the holding in the Raney and Morgan cases, assuming for the sake of argument that they conflict with our conclusion herein, are not binding on this court." [85 So. 2d 43, 45.]
The First Circuit Court of Appeal in the case of Bryan v. Ivey, 114 So.2d 88, stated:
"The claim for attorneys' fees as damages because of the necessity to hire and pay her attorney arising from the unjustified failure of the defendant to vacate and remove his improvements from the premises is based upon such cases as Morgan v. Patin, La.App. 1 Cir., 47 So. 2d 91 and Raney v. Gillen, La.App. 2 Cir., 31 So.2d 495. However, these cases have been overruled under the principle that, in absence of statute or contract, attorneys' fees are not allowed for prosecuting or defending a case on the merits. Breaux v. Simon, 235 La. 453, 104 So.2d 168; Efner v. Ketteringham, 217 La. 719, 47 So.2d 331; Rhodes v. Collier, 215 La. 754, 41 So.2d 669; Loeblich v. Garnier, La.App. 1 Cir., 113 So.2d 95. Such claim was properly not allowed." [114 So.2d 88, 91.]
In the recent case of Maloney v. Oak Builders, Inc., 256 La. 85, 235 So.2d 386 *120 (rehearing denied June 8, 1970), the Supreme Court stated:
"It is well recognized in the jurisprudence of this Court that as a general rule attorney's fees are not allowed except where authorized by statute or contract. Hernandez v. Harson, 237 La. 389, 111 So.2d 320. Attorney's fees are not allowable in an action for breach of contract unless there is a specific provision therefor in the contract. Morein v. G. J. Deville Lumber Co., La.App., 215 So. 2d 208. Parties are therefore allowed to contract with respect to attorney fees. Such a contract is neither against public policy nor good morals. Cf. Arts. 11, 1891, 1892, LSA-C.C; Conques v. Andrus, 162 La. 73, 110 So. 93. `It is a fixed rule of law that where the parties have the capacity to stipulate for liquidated damages, and when agreed upon, courts will not inquire whether the actual damage suffered equaled or approximated the agreed amount.'" * * * [235 So. 2d 386, 390.]
The only ground that plaintiff relies on herein to reverse the holding of the trial court is that bad faith is a material fact to be considered in awarding attorney's fees, and supporting this position are the cases of Berry v. Ginsburg, 98 So.2d 548, La.App., 2d Cir. (1957) and Raney v. Gillen, 31 So.2d 495, La.App., 2d Cir. (1947) and counsel has cited French authorities as supporting an award of attorney's fees.
Civil Code Art. 1934 provides:
"Where the object of the contract is any thing but the payment of money, the damages due to the creditor for its breach are the amount of the loss he has sustained, and the profit of which he has been deprived, under the following exceptions and modifications:
* * * * * *
"2. When the inexecution of the contract has proceeded from fraud or bad faith, the debtor shall not only be liable to such damages as were, or might have been foreseen at the time of making the contract, but also to such as are the immediate and direct consequence of the breach of that contract; but even when there is fraud, the damages can not exceed this. * * *" [7 LSA-C.C. Art. 1934, p. 220.]
This article of the Civil Code provides for unforeseeable bad faith situations but it does not mention attorney's fees, and therefore does not support defendant's position. In view of the decision set forth herein, the cases of Berry v. Ginsburg and Raney v. Gillen, supra, are overruled.
For the reasons set forth herein, we find no manifest error in the trial court's judgment, and it is hereby affirmed at appellant's cost.