WATKINS, Judge.
Ann Voitier brought the present suit against Ethert Hagan to obtain rescission of the sale of Unit 4, a condominium she had bought from Hagan, return of the purchase price of $84,000.00, damages, and attorney’s fees. The trial court granted relief as prayed for, rescinding the sale on a theory of redhibition, directing return of the purchase price of $84,000.00, awarding *1281 damages and upkeep expenses of $1,601.63, and awarding $3,000.00 attorney’s fees. Hagan was given a credit for the rental value of the unit of $500.00 per month beginning July 1981 and continuing through the date of judgment. From this judgment, Ethert Hagan has appealed. We amend and affirm.
Hagan was converting an apartment house at the corner of Drehr and Terrace in Baton Rouge into condominium units. The property was to contain five units, three townhouses (units on two floors) and one unit downstairs (Unit 4) and one directly above Unit 4 (Unit 5). Ms. Voitier purchased Unit 4, the act of sale having been dated July 2, 1981. At the time of sale, Unit 5, directly above Unit 4, was not completed, as was quite apparent to casual inspection, the walls being covered with “blackboard” (a black sheathing material which is not weatherproof) and only rickety temporary stairs being in place. Units 1, 2, 3, and 4 were completed at the time of sale.
The act of sale from Hagan to Ms. Voitier contained the following property description:
A certain lot or parcel of ground together with all the buildings and improvements situated in the Parish of East Baton Rouge known as DREHR TERRACE CONDOMINIUMS, being designated on the official map of said condominium declaration, a copy of which is recorded in the office of the Clerk of Court for the Parish of East Baton Rouge, Louisiana, as Original 620, Bundle 9319, in Conveyance Book 2722, Folio 401, and in Condominium Book 1, Folio 13, and the amendment thereto recorded as Original 879, Bundle 9348, in Conveyance Book 2758, Folio 202, and in Condominium Book 1. Folio 30, being UNIT FOUR (4), together with the undivided interest in the common elements, both general and limited, appertaining to said unit under the terms and provisions of said condominium declaration, as amended, and subject to all of the restrictions, obligations, charges and other provisions of said declaration as amended, and all servitudes and restrictions of record; said Drehr Terrace Condominiums being situated on a parcel of land designated as all of Lot 18 and 19, Square 5, Kleinert Terrace, East Baton Rouge Parish, Louisiana; Less and Except the Western 20 feet of Lot 19, said Square 5.
Thus the act of sale referred to the condominium declaration. The condominium declaration contained the following pertinent paragraph, numbered Paragraph V:
There are in existence five (5) units, situated in one (1) structure and all of the above described property is hereby resubdivided into units Number 1 through 5, inclusive, and the limited common elements and common elements are shown on the plans of said subdivision entitled Drehr Terrace Condominium, dated April 26, 1979, prepared by Edward E. Evans and Associates, Inc., attached hereto as Exhibit “B” and made a part hereof.
At the time the act of sale was passed, there were no verbal understandings between Ms. Voitier and Hagan concerning time for completion of Unit 5, the matter never having been discussed. Nevertheless, because Unit 5 was visibly incomplete, Ms. Voitier assumed Unit 5 would be completed within a reasonable time.
Ms. Voitier moved into condominium Unit 4. Unit 5 was never completed in the two and one-half years up to date of trial and was still not weathertight. As a consequence, several leaks developed in Unit 4, which in effect lacked a roof. Unit 4 sustained water damage and was rendered virtually unlivable. Hagan experienced financial problems and, at trial, testified he still lacked the capital to complete Unit 5. The trial court, as we have stated, granted rescission of the sale of Unit 4, which Ms. Voitier had purchased, for redhibitory defects.
Counsel for Ethert Hagan contends that the sale is not subject to rescission for redhibitory defects, as under LSA-C.C. art. 2521, apparent defects, such as a buyer might have discovered by simple inspection, are not among the number of redhibitory vices. As we have stated, the incomplete state of Unit 5 was obvious to the casual *1282 observer. Thus, counsel’s position is well taken that redhibition does not apply to the present situation.
However, in all commutative contracts, such as a contract of sale, a resolu-tory condition is implied, which permits dissolution of the contract for a breach thereof. See former Civil Code art. 2046 and present Civil Code art. 2013. (As Civil Code article 2013 and the following articles on dissolution of contracts were enacted by Act No. 331 of 1984 and took effect on January 1,1985, after the act of sale, dated July 2, 1981, was executed, it would appear former LSA-C.C. arts. 2046 et seq. would apply to the present case.) Clearly, by the language of the condominium declaration, Paragraph V, quoted above, Hagan undertook to complete Unit 5 within a reasonable time. Two and one-half years elapsed to date of trial, as we have stated. Still, Unit 5 was not completed. We hold that the contract of sale of Unit 4 may be rescinded for breach of contract under an implied resolutory condition, Ethert Hagan having breached the contract of sale by failure to complete Unit 5.
Damages may be awarded when a contract is rescinded under an implied reso-lutory condition. (Former LSA-C.C. art. 2046.) We hold that expenses of upkeep, as well as actual damage to Ms. Voitier’s furnishings, may be awarded as an item of damages. These items come to $1,601.63. Also, we hold that Ms. Voitier is entitled to interest on the purchase price paid as an item of damages. Conversely, the trial court correctly held that Hagan was entitled to a credit for the rental value of the property. We hold that interest offsets rental value closely enough so that the two sums cancel one another out. We thus deny a credit for rental value of the property and limit damages to the sum of $1,601.63.
Although attorney’s fees are awardable in an action in redhibition where the seller is in bad faith (LSA-C.C. art. 2545), there is no authority permitting the awarding of attorney’s fees when a contract is rescinded on the basis of an implied resolutory condition. As a general rule, attorney’s fees are not due and owing a successful litigant unless specifically provided by contract or by statute. Frank L. Beier Radio, Inc. v. Black Gold Marine, Inc., 449 So.2d 1014 (La.1984). See also, Lloyd v. Merit Loan Company of Shreveport, Inc., 253 So.2d 117 (La.App. 2d Cir.1971), writ refused, 259 La. 1050, 254 So.2d 462 (La.1971). We know of nothing that would permit the award of attorney’s fees in the present case. We therefore reverse the judgment of the trial court in the award of attorney’s fees.
The judgment of the trial court is amended and judgment rendered as follows:
1. The sale of the following described property from Ethert Hagan to Ann Voitier is rescinded:
A certain lot or parcel of ground together with all the buildings and improvements situated in the Parish of East Baton Rouge known as DREHR TERRACE CONDOMINIUMS, being designated on the official map of said condominium declaration, a copy of which is recorded in the office of the Clerk of Court for the Parish of East Baton Rouge, Louisiana, as Original 620, Bundle 9319, in Conveyance Book 2722, Folio 401, and in Condominium Book 1, Folio 13, and the amendment thereto recorded as Original 879, Bundle 9348, in Conveyance Book 2758, Folio 202, and in Condominium Book 1. Folio 30, being UNIT FOUR (4), together with the undivided interest in the common elements, both general and limited, appertaining to said unit under the terms and provisions of said condominium declaration, as amended, and subject to all of the restrictions, obligations, charges and other provisions of said declaration as amended, and all servitudes and restrictions of record; said Drehr Terrace Condominiums being situated on a parcel of land designated as all of Lot 18 and 19, Square 5, Kleinert Terrace, East Baton Rouge Parish, Louisiana; Less and Except the Western 20 feet of Lot 19, said Square 5.
*1283 2. Return of the purchase price from Ethert Hagan to Ann Voitier in the sum of $84,000.00 is ordered.
3. Damages in the sum of $1,601.63 are ordered to be paid by Ethert Hagan to Ann Voitier, together with legal interest thereon from date of judicial demand.
4. In all other respects, the judgment of the trial court is set aside.
5. All costs both in the trial court and on appeal shall be paid by defendant, Et-hert Hagan.
AMENDED AND RENDERED.
SHORTESS, J., concurs and assigns reasons.