No. ——
First Circuit

---

## MATT v. TOWN OF EUNICE

---

(May 3, 1927. Opinion and Decree.)
(June 7, 1927. Rehearing Refused.)

---

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Municipalities — Par. 48, 57.**
Where the preparation of the budget of a town council reduces the salary formerly given to the town marshal, this budget under Section 31 of Act 136 of 1898 must clearly show that it is the purpose of the mayor and aldermen to reduce the salary of the marshal, and where such is not clearly expressed in the budget his salary will remain as it was before.

Appeal from the Parish of St. Landry. Hon. B. H. Pavy, Judge.

Action by Angelas C. Matt against the Town of Eunice.

There was judgment for plaintiff and defendant appealed.

Judgment amended and affirmed.

R. Lee Garland and George K. Perrault, of Opelousas, attorneys for plaintiff, appellee.

Peyton R. Sandoz, of Opelousas, attorney for defendant, appellant.

LECHE, J. Plaintiff sues for his salary as town marshal of the town of Eunice, from January 1, 1925, to July 7, 1925, at the rate of one hundred dollars per month and from a judgment granting his demand the town of Eunice has appealed.

Plaintiff was elected town marshal in the year 1919, and on May 2, 1919, his salary was fixed by the mayor and board of aldermen at seventy-five dollars per month. He was at the same time appointed by the said mayor and board of aldermen as street commissioner, the latter office to be filled by him in conjunction with his office as town marshal, and so to continue as long as deemed advisable by the mayor and board of aldermen. His salary as street commissioner was, at the time, fixed at twenty-five dollars per month. Plaintiff

31 La. App.

was re-elected in 1921 and in 1923, and his term of office expired on July 7, 1925.

In October, 1924, at a meeting held by the mayor and board of aldermen, a budget was adopted for the calendar year 1925 and the following items appear therein: Pay of the town marshal $120.00. * * * Pay of street commissioner $900.00 * * *. Warrants were drawn after January, 1925, in favor of plaintiff as marshal, for his monthly salary, each in the sum of ten dollars, but plaintiff refused to accept the same.

The present suit was filed April 29, 1926, and therein, as before stated, plaintiff prays for judgment in the sum of six hundred and twenty-five dollars for his services as town marshal from January 1, 1925, to July 7, 1925.

The town of Eunice was organized under Act 136, page 224, of 1898, commonly known as the Lawrason Act. Under the terms of that statute, the electors of the town elected their mayor, their aldermen and a town marshal. The office of street commissioner was filled by the mayor and board of aldermen, under sanction, however, of the same statute (Acts of 1908, page 466). Section 15 of the Act, paragraph 15, as amended by Act 114 of 1916, page 249, authorizes the mayor and board of aldermen to fix the compensation of all officers and employees of the town. So that when the mayor and board of aldermen fixed the salary of the town marshal on May 2, 1919, there is no question of their right and authority to do so.

It seems that it was the custom of the mayor and board of aldermen to make an annual budget. That practice seems to be mandatory under the terms of Section 31 of the act, which provides that all expenditures of money for any purpose whatever shall be in pursuance of a specific appropriation made by order and in no other manner. Though we find no evidence to that effect, it seems to be conceded that a yearly budget was made and that the salary of plaintiff was therein recognized at the rate of $1200.00, until 1924, when the budget for 1925 was made, providing for the salary of the town marshal at $120.00.

Defendant, assuming the position that the making of the budget constituted a fixing of compensation under Paragraph 15 of Section 15 of the act, filed an exception of no cause of action to plaintiff's demand. That exception was overruled by the trial judge and defendant most earnestly urges on this appeal that it should be maintained and plaintiff's suit dismissed. Plaintiff, on the other hand, argues that the salary, as fixed in 1919, by resolution adopted by the mayor and board of aldermen, was the only fixing of plaintiff's compensation, that the resolution was never repealed and that such fixing could not be changed by simply reducing the appropriation in the budget adopted by the mayor and board of aldermen for the year 1925.

The question of law then involved in passing upon defendant's exception of no cause of action is, which must prevail, the salary as fixed in the resolution adopted May 2, 1919, or the salary as fixed in the budget adopted in October, 1924. Both of these fixings were by the same authority, that in the budget however being later in the order of time. The Act of 1898 prescribes no particular form or manner to be

pursued by the mayor and aldermen in fixing the compensation of the municipal officers. A budget, as we understand, is an estimate of the public revenues and expenses of a municipal government, which, after being published and adopted, serves as a basis for the levy of taxes and licenses, and appropriates the revenues thus derived. The making of the budget, in this instance, also serves as an appropriation bill or measure in compliance with Section 31 of the statute. In this case, the budget or appropriation, made by the same authority that adopted the resolution on May 2, 1919, being later in date, seems to indicate an intention and a purpose on the part of the mayor and aldermen to amend and alter the resolution so as to reduce the salary of the town marshal from seventy-five dollars to ten dollars per month, but, if that be so, such intention should have been clearly expressed.

In support of the contention of plaintiff that the budget did not amend or repeal the resolution of May 2, 1919, he cites the case of U. S. vs. Langston, 118 U. S. 389 (30th Law Edition 164). In that case Langston sued the government, in the court of claims, for his salary as U. S. consul at Haiti, and his claim, on appeal to the U. S. Supreme Court, was recognized as valid. At the time Langston entered upon his duties it had been provided by statute that the salary for that office be fixed at $7500.00 per annum. From the creation of the office, the sum of $7500.00 had been annually appropriated until the year 1883. The appropriations for the years 1879 and 1880 contained the proviso that the sums thus appropriated

"shall be in full for the annual salary". The appropriations for the years 1881 and 1882 did not contain this proviso, although each of these appropriations were for the sums of $7500.00. In the appropriation for 1883, the sum of $5000.00 only was appropriated for the services of the consul at Haiti, and, like the appropriation bills of 1881 and 1882, was not conditioned with the proviso contained in the bills of 1879 and 1880. The court, reasoning from the fact that the statute provided a salary of $7500.00, and that the appropriation for 1883, did not contain the proviso in the appropriations of 1879 and 1880, "shall be in full for the annual salary", held in effect that, in the absence of this provision, it was not clear that Congress intended to diminish the salary of the consul at Haiti. "While the case is not free from difficulty," says the court, "the court is of the opinion that, according to the settled rules of interpretation, a statute fixing the annual salary of a public officer at a named sum, without limitation as to time, should not be deemed abrogated or suspended by subsequent enactments which merely appropriated a less amount for the services of that officer for particular fiscal years, and which contained no words that expressly or by clear implication, modified or repealed the previous law." According to this authority, which seems to be sound and logical, defendant's exception of no cause of action should be and it is hereby overruled.

On the merits of the case, plaintiff, as a witness, acknowledges that he only performed the duties of street commissioner for one year, 1919; he does not sue for salary as street commissioner for the year 1925, and the resolution upon which he

depends, as fixing his compensation, fixes the same at nine hundred dollars per annum. The judgment appealed from must therefore be accordingly amended.

For these reasons it is ordered that the judgment of the District Court be amended by reducing the same to four hundred and sixty-seven and 50-100 dollars, and, as thus amended, that it be affirmed, plaintiff to pay costs of appeal.