813 So.2d 1110 (2002)
Victor W. ROGERS, Plaintiff-Appellee,
v.
TOWN OF ARCADIA, Defendant-Appellant.
No. 35,742-CA.
Court of Appeal of Louisiana, Second Circuit.
April 3, 2002.
Hubert Russell Davis, James Douglas Slack, Counsel for Defendant-Appellant.
Jonathan M. Stewart, Arcadia, Counsel for Plaintiff-Appellee.
*1111 Before NORRIS, GASKINS and CARAWAY, JJ.
NORRIS, Chief Judge.
Defendant, the Town of Arcadia, ("Arcadia") appeals a trial court judgment finding the salary of the plaintiff, Victor W. Rogers, Chief of Police of the Town of Arcadia, ("Rogers") to be $26,890.56, and awarding him judicial interest and costs. Rogers answers the appeal, contending the trial court erred in not awarding him damages and attorney fees. For the following reasons, we affirm the judgment on the merits but remand for the calculation of court costs.

Facts
Rogers sought and won re-election for the office of Chief of Police of the Town of Arcadia on October 3, 1998. His was to be a four year term commencing on January 1, 1999.
Prior to this he had been serving as Chief of Police for Arcadia from January 1, 1995, through December 31, 1998. His salary for fiscal year 1998 had been $26,890.56 per year.
On November 24, 1998, after he was reelected for the term beginning January 1, 1999, but before he began serving his new term as Chief of Police, the Board of Aldermen of the Town of Arcadia met and introduced Ordinance No.2018. This ordinance proposed to set the annual operating budget for the Town of Arcadia for 1999. The Board of Aldermen also intended to use this ordinance as the vehicle to reduce the salary of Chief Rogers because they were personally dissatisfied with his performance. Notice of a public hearing was given in the local paper and, at the meeting on December 8, 1998, the ordinance was adopted.
The Board of Aldermen then reduced the annual salary of the Chief of Police from $26,890.56 to $12,000.00. Thereafter, Rogers filed this suit alleging that, insofar as it attempts to reduce his salary, the Ordinance is unlawful under La. R.S. 33:404.1, Article VI, § 12 of the Louisiana Constitution of 1974, and La. R.S. 33:406 B(1).
The trial court found in favor of Rogers, basing its ruling on La. R.S. 33:406 B(1). It ruled that Ordinance No. 2018 failed in its attempt to reduce the Chief's salary "as it contains more than one subject, does not indicate in its title any change to the salary of the Chief, and does not specify that it reduces the Chiefs salary."[1]
Having found that Ordinance No.2018 did not fix the Chiefs salary, the court sought to do so itself. The court concluded that the salary of $12,000.00 for the Chief of Police was lower than any of the salaries of his officers, lower than the salaries of Chiefs of Police of similar municipalities, lower than any other full time town employee, and therefore unreasonable. The court found that the prior year's salary for the Chief of $26,890.56 was comparable with that for Chiefs of towns of similar size, was reasonable, and fixed the Chiefs salary for 1999 at its 1998 amount of $26,890.56. Arcadia appeals.

DiscussionOrdinance
Arcadia argues that Ordinance No.2018 was legally adopted and operates to reduce the salary of the Chief of Police. The Town of Arcadia operates under the "Lawrason Act," La. R.S. 33:321 et seq. Specifically, Arcadia argues that it complied *1112 with La. R.S. 33:404.1 which states in pertinent part,
The board of aldermen shall by ordinance fix the compensation of the mayor, aldermen, clerk, chief of police, and all other municipal officers.... However, the board of aldermen shall not reduce the compensation of any elected official during the term for which he is elected.
Arcadia submits that La. R.S. 33:406 B, which provides for the introduction of proposed ordinances, specifically states that budget ordinances may have more than one subject. Arcadia contends that Ordinance No.2018 was a budget ordinance, that it was legally adopted on December 8, 1998, in accordance with the Lawrason Act, and that it served to set the salary of the Chief of Police for the coming term of January 1, 1999 through December 31, 1999.
Ordinance No.2018 states in pertinent part:

Police Dept.
Administrative Salary $12,000
Salaries $89,620
Salariesovertime $ 6,000

It differs from the budget ordinance for 1998 by the addition of the "Administrative Salary" line item and a reduction of the "Salaries" line item by approximately $26,000.00, among other things.
Arcadia cites the case of Smith v. Town of Cotton Valley, 584 So.2d 1199 (La.App. 2 Cir.1991), writ denied, 589 So.2d 1057 (1991), in which this court interpreted the prohibition against a salary reduction for an elected official "during the term for which he is elected." The court in Cotton Valley found that until the elected official had begun to serve the term in question, an ordinance may reduce the salary of the official for that term, so long as the new salary is still reasonable.
Rogers cites Avoyelles Parish Justice of the Peace v. Avoyelles Parish Police Jury, 98-543 (La.App. 3 Cir. 6/23/99), 758 So.2d 161, writ denied, 99-2210 (La.12/17/99), 754 So.2d 217, as opposite to the Cotton Valley decision. The Third Circuit held that the salary of an elected official was fixed upon the date of his or her election to office. Id., citing Calogero v. State ex rel. Treen, 445 So.2d 736 (La.1984).
We find that Budget Ordinance No. 2018 simply does not set the salary of the Chief of Police, and cannot be relied upon as authority for doing so. See Matt v. Town of Eunice, 6 La.App. 465, 1927 WL 3521 (La.App. 1 Cir.1927) (stating that under the Lawrason Act, the annual salary of the elected town marshal is not reduced by the adoption of a budget which does not clearly indicate an intent to reduce the salary of the town marshal). At a bare minimum, any ordinance that attempts to set the salary of an elected official must clearly state some version of "the salary of the _________ (elected official) is hereby fixed at $______." Ordinance No. 2018 does not even do this. As the trial court stated:
[T]he Town has an Assistant Chief whose salary could just as well be included in the $12,000.00, or one could just as easily argue that the Chief would get an increase of $12,000.00.
[The ordinance] contains more than one subject, does not indicate in its title any change to the salary of the Chief, and does not specify that it reduces the Chief's salary.
Ordinance No. 2018 does not "fix the compensation of the ... chief of police" with sufficient certainty to satisfy the requirements of La. R.S. 33:404.1 and 33:406 B(1). Matt v. Town of Eunice, supra. The trial court was not plainly wrong to find that the citizens of Arcadia would not have known with any certainty that the Chief's salary was being reduced even if *1113 they had been at the public hearing and/or read the proposed ordinance. Because we find that the trial court was not in error, we pretermit the issue of the Cotton Valley/Avoyelles Parish debate.

Salary
Arcadia also claims that the trial court erred in fixing Rogers's salary at $26,890.56. Arcadia argues that the authority to establish the salary of elected officials is vested in the Board of Aldermen, and that it was error for the trial court to fix the salary of the Chief of Police.
This court does not find it necessary, however, to attempt to set the salary of the Chief of Police. It is clear from the record that the Chief of Police was paid the salary of $26,890.56 for January 1, 1998, to December 31, 1998. Because Ordinance No. 2018 did not operate to reduce the salary of the Chief of Police, the Chief of Police's salary for January 1, 1999, through December 31, 1999, continued unchanged from the previous year in the amount of $26,890.56. Furthermore, it is clear under both Cotton Valley and Avoyelles Parish that once Rogers began actually serving his new term of office on January 1, 1999, it was beyond the powers of the Board of Aldermen to reduce his compensation for that term.
Because we find that the salary of the Chief of Police of Arcadia continued unchanged by Ordinance No.2018, Arcadia's assignments of error concerning the reasonableness of a $12,000 salary and the possible relevance of his past performance are considered moot.

Costs
The Town of Arcadia also assigns as error the trial court's assessment of costs against it. La. R.S. 13:4521 and La. R.S. 13:5112 provide that court costs may be assessed against political subdivisions and public boards of the state if they are expressed in a dollar amount in a judgment of the court. The trial court judgment simply stated, "all costs of this proceeding are assessed to the defendant, Town of Arcadia." Therefore, we remand this matter to the trial court for assessment of court costs in a dollar amount. Gordon v. Louisiana State Bd. of Nursing, XXXX-XXXX (La.App. 1 Cir. 6/22/01), 804 So.2d 34, writ denied, 2001-2130 (La.11/16/01), 802 So.2d 607.

Damages and Attorney Fees
Rogers contends in his Answer to this appeal that the trial court erred in failing to award him tort damages and attorney fees. His claim for damages is based upon a tort theory of intentional infliction of emotional distress. Rogers argues that the reduction of his salary impaired his standard of living and caused him embarrassment and humiliation.
A trial court's findings of fact may not be reversed absent manifest error or unless they are clearly wrong. Stobart v. State of Louisiana, through Dep't of Transp. and Dev., 92-1328 (La.4/12/93), 617 So.2d 880.
To recover under a claim of intentional infliction of emotional distress, a plaintiff must establish (1) that the conduct of the defendant was extreme and outrageous; (2) that the emotional distress suffered by the plaintiff was severe; and (3) that the defendant desired to inflict severe emotional distress or knew that severe emotional distress would be certain or substantially certain to result from his conduct. White v. Monsanto, 585 So.2d 1205, (La.1991); Nicholas v. Allstate Ins. Co., 99-2522 (La.8/31/00), 765 So.2d 1017.
Upon review of the record, the trial court was entitled to find that Rogers has failed to carry his burden of proof on his claim for damages. We note that his tort claims were not vigorously asserted at trial, *1114 and we find that the trial court's denial of tort damages to Rogers was not manifestly erroneous. See R. p. 684.
Furthermore, Rogers has failed to identify any statute or contract which purports to provide for the assessment of attorney fees in this case. As a general rule, attorney fees are not allowed in Louisiana unless they are authorized by statute or provided for by contract. Langley v. Petro Star Corp. of La., XXXX-XXXX (La.6/29/01), 792 So.2d 721; Efner v. Ketteringham, 217 La. 719, 47 So.2d 331 (La. 1950). We find that the trial court's denial of Rogers's request for attorney fees was not erroneous.

Conclusion
For the foregoing reasons, we AFFIRM the judgment of the trial court, we REMAND the case for a determination of the precise dollar amount of the court costs to be assessed the defendant, Town of Arcadia. Costs of appeal in the amount of $116.50 are assessed to the Town of Arcadia.
AFFIRMED and REMANDED.
NOTES
[1] La. R.S. 33:406 B(1) provides in pertinent part, "An ordinance shall contain only one subject which shall be indicated in its title except for ordinances involving the annual operating budget, a capital improvements budget, or a codification of municipal ordinances."