Dear Ms. Fontenot,
You have requested the opinion of the Attorney General's office regarding whether the mayor for the City of Eunice has the authority to deny salary payments to the St. Landry Parish Council on Aging's site manager that were previously approved by the mayor and city council.
Along with you request, you have provided the following facts: In 2004, the St. Landry Parish Council on Aging made a request that the city of Eunice fund the salary of their site manager. On August 10, 2004, the City of Eunice held a council meeting wherein the request was presented to, and approved by both the mayor and board of aldermen. The pertinent minutes of that meeting state as follows:
 THE MAYOR AND BOARD OF ALDERMEN, THE GOVERNING AUTHORITY OF THE CITY OF EUNICE, PARISH OF ST. LANDRY/ACADIA, STATE OF LOUISIANA, met in regular session on Tuesday, August 10, 2004 at six-thirty (6:30) o'clock p.m., at their regular meeting place, the Eunice City Hall.
 *** REGULAR COUNCIL MEETING PROCEEDINGS:
 *** It was moved by Mr. Atchison, seconded by Mr. Pavur and carried, to authorize payment to the St. Landry Parish Council on Aging for the salary of the Site Manager in Eunice. Upon voting, Ms. Fontenot recused herself from voting. *Page 2 
 ***
After the unanimous approved resolution, funds for the site manager's salary were included in the city's budget under the "salary" category which has been set aside for miscellaneous salaries. Since that time, the funds have been annually appropriated and consistently paid to the site manager for the St. Landry Parish Council on Aging. However, it appears that the current mayor has unilaterally declined to pay the salary for the third and fourth quarters of the 2008 fiscal year, and the first, second and third quarters of the 2009 fiscal year.[1] In response to this action, you questioned whether the City of Eunice is in violation of any state law for refusing to pay the site manager's salary.
The City of Eunice is a political subdivision of the State of Louisiana operating under and governed by the Lawrason Act, La.R.S. 33:321-463. Under the Lawrason Act, the mayor is the chief executive officer of the municipality and the council is vested with the legislative powers of the municipality. La.R.S. 33:404 of the Lawrason Act sets forth the duties of the mayor. Specifically, La.R.S. 33:404A(5) provides that the mayor shall prepare and submit an annual operations budget and a capital improvements budget for the municipality (town), to the board of alderman (council) in accordance with the provisions of the Louisiana Local Government Budget Act ("Budget Act") and any other supplementary laws or ordinances. Pursuant to La.R.S. 33:406 of the Lawrason Act, the budget submitted by the mayor to the council must be approved by the council in the form of budget ordinance or resolution and then returned to the mayor for his approval or disapproval.[2]
Additionally, as seen above, local governments operating and governed by the Lawrason Act are also subject to the Louisiana Local Government Budget Act ("Budget Act"), La.R.S. 39:1301-1315. The Budget Act requires that, "[e]ach political subdivision shall cause to be prepared a comprehensive budget presenting a complete financial plan for each fiscal year for the general fund and each special revenue fund."[3] La.R.S. 39:1305 states that the budget document must include the following:
 "(C)(2)(a) A statement for the general fund and each special revenue fund showing the estimated fund balances at the beginning of the year; estimates of all receipts and revenues to be received; revenues itemized by source; recommended expenditures itemized by agency, *Page 3 department, function, and character; other financing sources and uses by source and use; and the estimated fund balance at the end of the fiscal year." (Emphasis added)
Moreover, La.R.S. 39:1311 of the Budget Act pertains to budgetary authority and control and differentiates between the authority of the chief executive and administrative officers of the political subdivision and the governing authority[4] of the political subdivision which provides in pertinent part as follows:
 "A. The adopted budget and any duly authorized adopted amendments shall form the framework from which the chief executive or administrative officers and members of the governing authority of the political subdivision shall monitor revenues and control expenditures . . .
 * * * C. The adopted budget and any duly authorized amendments required by this Section shall constitute the authority of the chief executive or administrative officers of the political subdivision to incur liability and authorize expenditures from the respective budgeted funds during the fiscal year." (Emphasis added)
As required by the Lawrason Act and the Budget Act, the mayor does not have the authority to unilaterally refuse to pay the St. Landry Parish Council on Aging site manager's salary after the salary has been properly approved by the Board of Alderman and funds have been duly appropriated.[5] It is our understanding based on the facts provided that the mayor and city council by resolution approved and appropriated the site manager's salary in the salary category of the city's budget. Once the board of aldermen approved the municipal budget and funds have been appropriated to include the salary, the mayor has the duty to pay the salary of the site manager in the conduct of the proper administration of municipal affairs.[6] The mayor has no authority to deny the payment of the site manager's salary if the payment falls within a category in the approved budget and proper appropriations were made, such as this situation.[7] Therefore, it is the opinion of the Attorney General's office that the mayor may not make changes to the municipal budget unilaterally by refusing to pay the salary of the Council on Aging's site manager.[8] *Page 4 
The issue now becomes whether this payment of retroactive wages to the site manager would be a constitutionally prohibited donation or a valid payment of earned compensation. All questions concerning the use of public funds must be examined in light of La.Const. art. VII, § 14, which provides, in pertinent part, as follows:
 "Section 14(A) Prohibited Uses. Except as otherwise provided by this constitution, the funds, credit, property, or things of value of the state or of any political subdivision shall not be loaned, pledged, or donated to or for any person, association, or corporation, public or private . . ."
This office has consistently opined that La.Const. Art. VII, § 14(A) does not prohibit the payment of earned compensation retroactive to the time at which the state or a political subdivision obligated itself to make such a payment.[9]
The compensation due or earned compensation of an employee is that which an employer is required to pay pursuant to its obligation(s) to the employee.[10]
Based on the facts that have been presented to us and a review of the law, it is the further opinion of this office that the site manager for the Council on Aging may be retroactively paid her earned salary from the 2008 fiscal year until the present.
I hope the foregoing is sufficiently responsive to your questions. If we can be of further assistance, please do not hesitate to contact our office. *Page 5 
 Yours very truly,
 JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
 BY: _____________________ MERIDITH J. TRAHANT Assistant Attorney General
[1] See correspondence from Mary Chapman, Director of the St. Landry Council on Aging, to Mayor Bob Morris dated July 9, 2009 which was attached to the opinion request.
[2] Once approved, the mayor has the authority to pay specific bills without the approval of the board of aldermen as long as the bills fall within a category in the approved budget and proper appropriations have been made. Atty. Gen. Op. 03-0036.
[3] La.R.S. 39:1305(A).
[4] The term "governing authority" is defined in La.R.S. 39:1302(2) to mean, "the body which exercises the legislative functions of the political subdivision."
[5] The mayor cannot supersede the fiscal control of the board of aldermen unilaterally. Atty. Gen. Ops. 96-343, 94-520, and 90-531.
[6] Atty. Gen. Op. 03-0183.
[7] Atty. Gen. Op. 03-0183.
[8] If the board of aldermen and mayor wish to discontinue payment for the site manager's salary, then the budget should be amended to reflect such an action. Atty. Gen. Op. 00-0205. If the budget requires amendment, it must be done in compliance with La.R.S. 39:1301 et seq., the Louisiana Local Government Budget Act. In accordance with the statutes pertaining to Lawrason Act municipalities, and those comprising the Louisiana Local Government Budget Act, the authority to adopt and amend the budget is vested exclusively with the mayor and the board of aldermen. Only after the budget is amended can payment of the site manager's salary be discontinued. See Matt v. Town of Eunice,6 La.App. 465, 1927 WL 3521 (La. App. 1 Cir. 1927), stating that under the Lawrason Act, the annual salary of the elected town marshal is not reduced by the adoption of a budget which does not clearly indicate an intent to reduce the salary of the town marshal.
[9] See Atty. Gen. Ops. 07-0050A, 06-0220, 95-0440 and 92-0866. See also La. Atty. Gen. Op. 06-0220, which provides: In the contest of salary increases, the payment of earned compensation retroactive to the time at which the state or a political subdivision obligated itself to make such a payment is distinguishable from "extra compensation for past services rendered" in that the compensation is not "extra." The compensation due or earned compensation of an employee is that which an employer is required to pay pursuant to its obligation(s) to the employee. It is a payment outside of any such obligation(s) that would constitute "extra compensation for past services rendered" if distributed as a salary increase with retroactive effect.
Please also note that while these opinions were written before theCabela's case, it is the opinion of this office that the outcome remains the same.
[10] Atty. Gen. Op. 06-0220.